WILLIAM A. SOKOL, Bar No. 072740
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone:   (510) 337-1001
Fax:           (510) 337-1023

ADAM THOMAS, Bar No. 297249
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
Telephone:  (213) 380-2344
Fax:          (213) 443-5098

E-Mail:  bsokol@unioncounsel.net
            rperkins@unioncounsel.net
            athomas@unioncounsel.net

Attorneys for Plaintiff MARIO DEL CASTILLO,
PUTHEA CHEA, MICHAEL RASCHE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MARIO DEL CASTILLO, PUTHEA CHEA, and MICHAEL RASCHE, on behalf of themselves and others similarly situated,<br><br>                         Plaintiffs,<br><br>       v.<br><br>COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC.; BOARD OF TRUSTEES OF COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC.; BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES MCDANIEL, JULIENNE LA FITTE, JAIME | Case No. 5:17-cv-07243<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, VIOLATION OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; VIOLATION OF CAL. CIVIL CODE §§ 1549, 1550, 1709, 1710**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

GALLARDO, CONNIE JIMENEZ, MARIA REYES and FAYE SEARS, in their official capacities as current and former trustees; ALFREDO VILLASENOR; ROBERT C. UNGER; KEVIN LOGAN; LOGAN GROUP SECURITIES, a California corporation; FIRST ALLIED RETIREMENT SERVICES, INC., a California corporation; MARY CHACON; CETERA FINANCIAL GROUP, a Delaware corporation; LIFE INSURANCE COMPANY SOUTHWEST, a Texas corporation; and DOES 1 to 25, inclusive,

Defendants.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

2

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

## I.    INTRODUCTION

1.    This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-1191c, and is brought by Plaintiffs under ERISA §§ 502(a)(1)(A), (B) and (C), 29 U.S.C. §§ 1132(a)(1)(A), (B) and (C), to recover benefits due to the Plaintiffs under the terms of three hereinafter described employee welfare benefit plans (collectively "4Cs Plans") established by the Defendant, Board of Trustees of the Community Child Care Council of Santa Clara ("4Cs Board of Trustees").

2.    Pursuant to ERISA §§ 502(a)(1)(B), the Plaintiffs seek to enforce their rights under the terms of the 4Cs Plans, and to clarify their rights to future benefits under the terms of the 4Cs Plans.

3.    This action is also brought by Plaintiffs under ERISA §§ 502(3), 29 U.S.C. § (3), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress and to enforce the provisions of Title I of ERISA.

## II.    THE PARTIES

**The Plaintiffs**

4.    Plaintiff Mario Del Castillo ("Del Castillo") was employed by 4Cs from February, 1997 until August 22, 2017 and at all times material hereto, has been and still is a participant in the 4Cs Plans.

5.    Plaintiff Puthea Chea ("Chea") has been employed continuously by 4Cs since October, 2011, and at all times material hereto, she is and has been a participant in the 4Cs Plans.

6.    Plaintiff Michael Rasche ("Rasche") was employed by 4Cs from August, 2000 until January, 2015 and at all times material hereto, has been and still is a participant in the 4Cs Plans.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

7.    The above plaintiffs are referred to collectively herein as the "Plaintiffs."

**The Defendants**

8.    At all relevant times, the Child Care Community Council of Santa Clara County, Inc. ("4Cs") was and is now a non-profit corporation formed and existing pursuant to Articles of Incorporation filed with the State of California on or about September 11, 1976.  At all times mentioned, 4Cs has been operated by and at the direction of a Board of Trustees ("4Cs Board of Trustees").

9.    At all relevant times, Defendants Ben Menor, Xiaoyan Xu, Clarence Madrilejos, James McDaniel, Julienne La Fitte, Jamie Gallardo, Connie Jimenez, Maria Reyes and Faye Sears who are now, and/or have been members of the 4Cs Board of Trustees and in doing the acts and things hereafter alleged, each acted within their capacities as members of the 4Cs Board of Trustees and with the knowledge, consent, and authorization of each of the other members of the Board of Trustees.

10.    Beginning in or about 1987, Defendant 4Cs Board of Trustees has been the plan sponsor and Plan Administrator of the 4Cs Plans, consisting of (1) a "non-qualified" deferred compensation plan, established pursuant to 26 U.S.C. § 409A et seq., (2) a defined contribution plan, and (3) a profit sharing plan.  The 4Cs Plans, standing alone and collectively, constitute  employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), and each of the 4Cs Plans is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).  Plaintiffs allege upon information and belief that the defined contribution plan and profit sharing plan fail to meet tax-deferred qualification requirements of 26 U.S.C. § 401(a).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

4

11.     Defendant 4Cs Plans is named as an individual Defendant in this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, solely to ensure that complete relief can be granted.

12.     From 1987 until approximately August 2017, Defendant Alfredo Villasenor ("Villasenor"), was the Executive Director of 4Cs.  As Executive Director Villasenor executed service contracts, filed various annual reports with the United States Secretary of Labor and conducted various other business activities on behalf of the 4Cs Plans.  By and through this conduct, Villasenor has acted as a plan administrator and, as such, exercised discretionary authority and responsibility in the administration of each of the 4Cs Plans.  On information and belief, Plaintiffs also allege that, beginning on or after August 2017, Alfredo Villasenor began providing consulting services to 4Cs and the 4Cs Plans.  As a result, Villasenor has been and still is a fiduciary of each of the 4Cs Plans within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and, was and is a party in interest to  each of the 4Cs Plans within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

13.     At all relevant times, Defendant 4Cs Board of Trustees has exercised discretionary authority and control respecting the management and disposition of each of the 4Cs Plans and assets contained therein.  By virtue of its exercise of discretionary authority and responsibility in the administration of these Plans, the 4Cs Board of Trustees is a fiduciary of each of the 4Cs Plans within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and was and is a party in interest to each of the 4Cs Plans within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

14.     At all relevant times, Defendant Logan Group Securities, ("Logan Group Securities"), has acted, and continues to act as a co-fiduciary, investment adviser and broker to each of the 4Cs Plans, and Plaintiffs who participate therein.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

At all relevant times, Logan Group Securities has exercised and continues to exercise discretionary authority and control respecting the administration of, management and disposition of the assets held in each of the 4Cs Plans. With respect to each of the 4Cs Plans, Logan Group Securities is a fiduciary within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and was and is a party in interest within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

15.    At all relevant times, Defendant Kevin Logan ("Logan") was and is now an officer of Logan Group Securities, and as such, has acted, and continues to act as a co-fiduciary, investment adviser and broker to the each of the 4Cs Plans, and Plaintiffs who participate in each of the 4Cs Plans. By and through this conduct, Logan has exercised and continues to exercise discretionary authority and responsibility in the administration of these Plans. Logan is a fiduciary of each of the 4Cs Plans within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and was and is a party in interest to each of the 4Cs Plans within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H)

16.    At all relevant times, Defendant Cetera Financial Group, ("Cetera Financial Group"), has acted, and continues to act as a co-fiduciary, investment adviser and broker to each of the 4Cs Plans. Cetera Financial Group exercises discretionary authority and control respecting the administration of, management and disposition of the assets held in some or all of the 4Cs Plans. With respect to each of the 4Cs Plans Cetera Financial Group is a fiduciary within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and was and is a party in interest within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

17.     At all relevant times, Mary Chacon ("Chacon"), acting individually and as a representative of Defendant Cetera Financial Group, has acted, and continues to act as a co-fiduciary, investment adviser and broker to some or all of the 4Cs Plans, and Plaintiffs who are eligible to participate in each of the 4Cs Plans. By and through this conduct, Chacon has acted as a plan administrator and, as such, has exercised and continues to exercise discretionary authority and responsibility in the administration of each of the 4Cs Plans.  Chacon is a fiduciary of  each of the 4Cs Plans within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and was and is a party in interest to each of the 4Cs Plans within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

18.     At all relevant times, Defendant Life Insurance Company Southwest ("LSW"), was and is now a Texas corporation licensed to conduct business in the State of California, and has acted and continues to act as an insurer of the life annuity contracts which 4Cs purchased for each of the Plaintiffs.  4Cs intended for the life annuity contracts to constitute a "retirement plan," thus,  LSW has acted and continues to act as a constructive trustee and fiduciary of some or all of the 4Cs Plans within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).  At all relevant times, LSW was and is now a party in interest to some or all of the 4Cs Plans within the meaning of ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

19.     Beginning in or about 2012, First Allied Retirement Services, Inc. ("ARS, Inc.") has acted, and continues to act, as an administrator to some or all of the 4Cs Plans, and as such, ARS, Inc. exercises discretionary authority and control respecting the administration of, management and disposition of the assets held in each of the 4Cs Plans. With respect to each applicable 4Cs Plan, ARS, Inc. is a fiduciary within the meaning of ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1    1002(21)(A)(i) and (iii), and was and is a party in interest within the meaning of

2    ERISA §§ 3(14)(A), (E) and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

3        20.    At all relevant times, Robert C. Unger ("Unger"), acting individually

4    and as an officer of PCG Pension Consulting Group, Inc./First Allied Retirement

5    Plans, has acted as a plan administrator and, as such, has exercised and continues to

6    exercise discretionary authority and responsibility in the administration of each of

7    the 4Cs Plans.  Unger is a fiduciary of each of the 4Cs Plans within the meaning of

8    ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii), and was and

9    is a party in interest to these Plans within the meaning of ERISA §§ 3(14)(A), (E)

10   and (H), 29 U.S.C. §§ 1002(14)(A), (E) and (H).

11       21.    Plaintiffs are unaware of the true names and capacities of the

12   defendants named herein as DOES 1 to 25, inclusive, and therefore sues such

13   defendants by their fictitious names.  Plaintiffs will amend this complaint to state

14   the true names and capacities of such defendants when ascertained.  At all times

15   mentioned, the DOE defendants, and each of them, acted as the agent, employee,

16   or representative of each of the other Defendants and with the knowledge, consent,

17   and authorization of each of the other Defendants and are in some manner

18   responsible for the acts and omissions alleged herein.

### III.    JURISDICTION AND VENUE

19

20       22.    This Court has subject matter jurisdiction, pursuant to ERISA §

21   502(e)(1), 29 U.S.C. § 1132(e)(1), and under 28 U.S.C. § 1331, with respect to the

22   Plaintiffs claims brought under ERISA §§ 502(a)(1)(A), (C) and 502(3).

23       23.    This Court has concurrent subject matter jurisdiction pursuant to

24   ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and under 28 U.S.C. §§ 1331 with

25   respect to the Plaintiffs claims brought under ERISA §§ 502(a)(1)(B).

26       24.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367

27   et seq. with respect to the violations of California state law.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

25.     Venue of this action lies in the San Jose Division of the Northern District of California, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the 4Cs Plans were established, and have been administered in Santa Clara County, California, and the breaches took place in Santa Clara County, California, which is within this district.

## IV.    FACTUAL ALLEGATIONS

### A.    4Cs Failure To Provide "Retirement Plan" Information

26.     In or about 2002, Plaintiffs Del Castillo and Rasche were notified by 4Cs management that 4Cs would begin providing a retirement plan.  At that time, and thereafter, neither Del Castillo nor Rasche received any information, either orally or in writing, from 4Cs regarding the material terms and conditions by which each of them, and other employees, would qualify to participate in this "retirement plan."  On or after 2002, and during the remainder of their employment with 4Cs, Plaintiffs Del Castillo and Rasche never received any information as to how benefits would be paid out of the 4Cs "retirement plan."

27.     On or about 2008, Plaintiffs Del Castillo and Rasche were told by 4Cs management that 4Cs would begin offering a new profit sharing plan for the benefit of all 4Cs employees. At that time, and thereafter, Plaintiffs Del Castillo and Rasche never received any information, either orally or in writing, from regarding the material terms and conditions by which he, and other 4Cs employees, would qualify to participant and/or receive benefits from this "profit sharing plan."

28.     In or about January 2013, Plaintiff Puthea Chea was notified by 4Cs management that she was eligible to begin participating in the 4Cs retirement plans. Plaintiff Chea signed various documents provided to her by a representative of 4Cs to enroll in each of the 4Cs retirement plans, but at no time during the course of her employment was Chea provided with any other information, either orally or in writing, describing the material terms and conditions by which she, and other

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

employees, would qualify to participate in this "retirement plan" or how benefits would be paid out of the 4Cs Plans.

29.     On or about June 19, 2012, Villasenor and the 4Cs Board of Trustees, entered into an administrative services contract with Defendant Unger and PCG Pension Consulting Group, Inc.

30.     At a time unknown but after June 19, 2012, Unger stopped providing administrative services to the 4Cs Plans under the name "PCG Pension Consulting Group." Plaintiffs allege, upon information and belief, that Unger thereafter began providing and now provides administrative services to the Plan as an employee or officer of ARS, Inc.

31.     Defendants, and each of them, including Defendants Unger and ARS, Inc. have failed to provide the Plaintiff's with information regarding the 4C Plans, as required under ERISA § 104(b)(3), 29 U.S.C. § 1024(b)(3).

**B.     The LSW Life Annuity Contracts**

32.     At a time unknown prior to March 2003, Defendants Logan Group Securities and Logan began providing various services to the 4Cs Plans including, but not limited to investment advisory and consulting services. Plaintiffs allege upon information and belief that Defendants Logan Group Securities, Logan, and Villasenor, in concert with all other Defendants, conspired and agreed to have the vested retirement account balances of Plaintiffs and all other vested 4Cs Plan participants converted into life annuities underwritten and sold by Defendant LSW. Defendants Logan and Villasenor instructed 4Cs management representatives to begin providing life annuity applications to Plaintiffs and all other 4Cs employees and instructed the 4Cs management representatives to inform Plaintiffs and other vested employee participants that that these were enrollment applications for participation in the 4Cs Plans.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

33.     On or about March 25, 2003, a 4Cs management representative provided Plaintiff Rasche a document to sign, and told him it was an enrollment application for the 4Cs retirement plans.

34.     On or about July 2010, a 4Cs management representative provided Plaintiff Del Castillo a document to sign, and told him it was an enrollment application for the 4Cs retirement plans.

35.     On or about January 15, 2013, a 4Cs management representative provided Plaintiff Chea a document to sign, and told her it was an enrollment application for the 4Cs retirement plans.

36.     The 4Cs Plans enrollment applications presented to each of the Plaintiffs, as described above, were not enrollment applications for participation in the 4Cs Plans, but were binding contracts where under each Plaintiff unknowingly agreed to convert each of their vested retirement account balances into a highly restricted and financially imprudent life annuity.

37.     Plaintiffs are informed and believe and on that basis allege that all other 4Cs employees who participated in the 4Cs Plans were presented with documents which purported to be enrollment applications for the 4Cs retirement plans, but in reality these were binding contracts where under each employee participant unknowingly agreed to convert each of their vested retirement account balances into a highly restricted and financially imprudent life annuity.

C.     **The Unlawful Transfer of Plan Assets**

38.     On or about May 24, 2012, 4Cs employee Edwin B. Albanza informed Defendant Villasenor of certain accounting irregularities involving the 4Cs "Non-Qualified Pension Plan." Albanza provided a letter to the California Department of Education Audits and Investigations Division informing them of these irregularities.  Albanza was subsequently terminated from his position as Accounting Manager by the 4Cs Board of Trustees.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

11

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

39.     On July 18, 2013 Defendants Logan Group Securities and Logan made a presentation to the 4Cs Board of Trustees, wherein they persuaded the 4Cs Board of Trustees to make "15% elective contributions" to the 4Cs Profit Sharing Plan, and contribute $200,000.00 to the 4Cs Non-Qualified Deferred Compensation Plan. Plaintiffs allege, on information and belief, that this $200,000.00 contribution, along with other contributions authorized by Defendant 4Cs Board of Trustees, were not paid into the 4Cs Plans, but were instead, transferred into the custody and control of Defendants LSW and/or Cetera Financial Group and were applied as a premium payments life annuity contracts held in Plaintiffs' names and/or and as a lump sum premium payment made into a life annuity contract held by Defendant LSW and/or Cetera Financial Group. The life annuity contract held by Defendant LSW is under the fictitious name of "Angela Mccraw."

40.     On or about August 2017, Defendant Villasenor resigned from his position as Executive Director of 4Cs. The Plaintiffs allege, upon information and belief, that Villasenor continues to provide consulting services to 4Cs and/or the 4Cs plans, and has received a distribution from one or more the 4Cs Plans upon his resignation.

**D.     Failure to Inform Plaintiffs of Restrictions on Life Annuities**

41.     In or about January 2015, Plaintiff Rasche, who had retired from 4Cs, contacted a representative from Defendant Logan Group Securities to inquire about the employer contributions that had been made into the 4Cs Plans on his behalf. Plaintiff Rasche was informed by Defendant Logan Group Securities that his retirement benefit consisted of a "life annuity" and that he could not roll-over money from his "retirement account" into another tax qualified plan without incurring substantial penalties.  Prior to this conversation, Plaintiff Rasche was never informed by any of the Defendants that his vested retirement account balance had been used to purchase an life annuity, or that substantial penalties that would

12

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1  apply if he withdrew some or all of his vested account balance from this "life

2  annuity."

3        42.    On or about August 16, 2017 Plaintiff Del Castillo made a request to

4  representatives of Defendant LSW to rollover the value of the life annuity contract

5  into another tax-deferred 401(k) retirement account.  Plaintiff Del Castillo was told

6  by a representative of LSW that he was not permitted, under the rules of this life

7  annuity Contract, from cashing out the accrued value of his life annuity Contract

8  unless he used the proceeds to purchase another life annuity contract issued by

9  LSW.  Plaintiff Del Castillo had never been told by any Defendants that, upon

10  leaving employment, he would only be allowed to roll-over his vested retirement

11  account balance into another product sold by Defendant LSW.

12        43.    On or about August 16, 2017, Plaintiff Del Castillo was told by a

13  representative of LSW that, if he withdrew any portion of his vested retirement

14  account balance from the life annuity, he would be required to pay a fee in excess

15  of 10% of the amount of the withdrawal for a period of twelve (12) years following

16  the purchase date of the life annuity Contract. Plaintiff Del Castillo had never been

17  told by any Defendants that about these substantial fees or the limitation on

18  withdrawing funds.

19  **E.    Failure to Provide Timely Response to Participant Information Requests**

20        44.    In 2016, Service Employees International Union, Local 521 ("Local

21  521") began bargaining the terms of a successor collective bargaining agreement

22  for employees of 4Cs, including but not limited to Plaintiffs Del Castillo and Chea.

23        45.    During the course of collective bargaining, Local 521 representatives

24  learned of the Plans sponsored by 4Cs.

25        46.    On or about September 25, 2016 Local 521 made a request for

26  information about the 4Cs Plans pursuant to ERISA § 104(B)(4), 29 U.S.C. §

27  1024(b)(4).  On or about October 25, 2016, legal counsel for Defendant 4Cs Board

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

of Trustees, responded to the Union's request by providing some, but not all of the plan documents required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

47.    On or about June 29, 2017 Local 521 made a second request for information about the 4Cs Plans pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).  On or about July 7, 2017, legal counsel for Defendant 4Cs Board of Trustees, responded to the Union's request by providing some, but not all of the documents which must be disclosed pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

## V.    CLASS ALLEGATIONS

48.    Plaintiffs refer to paragraphs 1 through 47, inclusive, and by such reference incorporate them herein as though fully set forth.

49.    Plaintiffs bring this action on behalf of themselves and all other current and former 4Cs employees similarly situated as a class action under Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs seek to represent the following classes:

> A.    All individuals currently employed by 4Cs who have been working at 4Cs for more than one year and who participate in any of the 4Cs Plans, and;

> B.    All individuals who formerly worked for 4Cs between October 1, 1987 and the present who participated in any of the 4Cs Plans and who had vested retirement account balances converted into a highly restricted and financially imprudent life annuity.

50.    Plaintiffs reserve the right to amend or modify the class description with greater specificity or to divide the class into sub-classes.

51.    This action may be properly maintained as a class action under Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

1

**Numerosity**

2 52. The members of the proposed class are so numerous that joinder of all

3 members of the class is impractical.  While the precise number of class members

4 has not been determined at this time, Plaintiffs are informed and believe that there

5 are in excess of 213 current and former 4Cs employees who are participants in the

6 4Cs Plans.

7 **Commonality**

8 53. There are questions of law and fact common to the class, including,

9 but not limited to:

10 A. Each member worked for more than one year for
11  4Cs thereby attaining eligibility participate in one or more
  of the 4Cs Plans, and;
12

13 B. Each member, by virtue of being an eligible
  participant, had monies contributed into the 4Cs Plans on
14  their behalf by the 4Cs Board of Trustees, and;

15 C. Each member never received any documents from
16  4Cs describing the terms for participating in the 4Cs
  Plans, and certain contributions were improperly
17  transferred by the 4Cs Plans into the custody and control
  of LSW and/or Cetera Financial Group, as alleged above.
18

19 D. Whether the above alleged acts and conduct of
  Defendants violated ERISA and resulted in harm to the
20  class.

21 **Typicality**

22 54. The claims of the named Plaintiffs are typical of the claims of the

23 proposed class.  Plaintiffs and all members of the proposed class were participants

24 in the 4Cs Plans, and the above alleged acts and conduct of the 4Cs Board of

25 Trustees, Villasenor, Logan, Logan Group Securities, LSW and/or Cetera Financial

26 Group affected all class members.

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

**Adequacy of Representation**

55.     Plaintiffs are adequate representatives of the proposed class in that Plaintiffs have the same interests in the litigation of this case as the proposed class members and will fairly and adequately represent the interests of the class as a whole.  Plaintiffs are committed to vigorous prosecution of this case and have retained experienced, competent counsel to represent them in this matter.  Plaintiffs are not subject to any individual defenses different from those conceivably applicable to the Class as a whole.

**Superiority of Class Action**

56.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices as described above.

57.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  Plaintiffs are not aware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

58.     Prosecuting separate actions by all proposed class members is impractical.  Individual litigation would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and the court

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

system, and protects the rights of each purported class member.  Plaintiffs anticipate no management difficulties in this litigation.

59.    Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

## VI.    **FIRST CLAIM FOR RELIEF**
(Violation of ERISA § 103, 29 U.S.C. § 1023—Defendants 4Cs Plans, 4Cs Board of Trustees, Villasenor)

60.    Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

61.    ERISA § 103, 29 U.S.C. § 1023 requires every employee benefit plan to submit an annual report containing specific information to the Secretary of the Department of Labor that is to be made available and furnished to all plan participants in accordance with ERISA § 104(b), 29 U.S.C. § 1024(b).

62.    At all times from July 1, 2009 until June 30, 2012, Defendant Villasenor filed three Form 5500-SFs with the Secretary of the Department of Labor for a plan named "Community Child Care Council of Santa Clara County, Inc. Profit Sharing Plan." These documents indicate there were more than 100 participants in this plan for fiscal periods ending 2009, 2010 and 2011.

63.    Between July 1, 2012 until June 30, 2014, Defendant Villasenor filed two Form 5500-SFs, and one amended From 5500-SF, with the Secretary of the Department of Labor on behalf of a plan named "Community Child Care Council of Santa Clara County, Inc. Profit Sharing Plan." These filings indicate there were "99" participants in this plan for fiscal periods ending 2012 and 2013.

64.    Plaintiffs allege, upon information and belief, that the 4Cs Plans had more than 100 participants during the fiscal periods 2009, 2010 and 2011.  Thus Defendants 4Cs Plans, by and through the conduct of Defendant Villasenor,

17

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

violated ERISA § 103(a) by filing Form 5500-SF with the Secretary of Labor, in lieu of Form 5500.  Defendant 4Cs Plans are not exempt from this requirement to file a full Form 5500 (and are not permitted to file a Form 5500-SF) pursuant to any provision under 29 C.F.R. §§ 2520.103-4, 103-5 or 104-1 et seq.

65.     Plaintiffs have been harmed by this violation because no financial statement is filed with the Form 5500-SF and, as a result, Plaintiffs have been unable to ascertain relevant information about the overall financial condition of the 4Cs Plans.

66.     As a direct and proximate result of Defendants' failure to comply with ERISA § 103, 29 U.S.C. § 1023, Defendants are jointly and severally liable to Plaintiffs for civil monetary penalties as set forth in ERISA § 502(c)(1) calculated from October 15, 2016 and continuing through the present.

67.     Pursuant to ERISA § 502(g)(1),  Defendants are jointly and severally liable for payment of reasonable costs and attorneys' fees incurred by Plaintiffs and members of the putative class..

### VII.   <u>SECOND CLAIM FOR RELIEF</u>
(Violation of ERISA §§ 101-105, 29 U.S.C. § 1021-—Defendants 4Cs Plans, 4C Board of Trustees, Villasenor, Unger, ARS, Inc., LSW, Cetera Financial Group)

68.     Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

69.     ERISA §§ 101(a)(1), (2), 29 U.S.C. §§ 1021(a)(1), (a)(2), §§ 103(b)(3)(A), (B), 29 U.S.C. §§ 1023(b)(3)(A), (B), and § 104(b)(3), 29 U.S.C. § 1024(b)(3) each require the administrator of employee benefit plans to provide each participant covered under the plan and each beneficiary with a summary plan description and financial information regarding the financial condition of the plan.

70.     Defendants, and each of them, have failed to provide Plaintiffs and all putative class members with an annual summary concerning the financial condition

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

of the 4Cs Plans in violation of ERISA §§ 101(a)(1)-(2), 103(b)(3)(A)-(B), 104(b)(3), 29 U.S.C. §§ 1021(a)(1)-(2), 1023(b)(3)(A)-(B), 1024(b)(3).

71.    Defendants, and each of them, have failed to provide Plaintiffs and all putative class members with any written description of the 4Cs Plans in violation of ERISA §§ 101(a)(1), 102(a) and 104(b), 29 U.S.C. §§ 1021(a)(1), 1022(a) and 1024(b).

72.    ERISA § 105(a)(2) requires a plan administrator to furnish each plan participant with information regarding the total pension benefits accrued and the total non-forfeitable benefits, if any, that have accrued, or the earliest date on which the benefits will become non-forfeitable.

73.    Defendants, and each of them, have failed to provide Plaintiffs and all putative class members with quarterly and annual benefits statements setting forth the information required by ERISA § 105(a)(2), 29 U.S.C. § 1025(a)(2), in violation of ERISA §§ 101(a)(2), 105(a)(1)-(2), 29 U.S.C. §§ 1021(a)(2), 1025(a)(1)-(2).

74.    ERISA § 104(c), 29 U.S.C. § 1024(c) requires a plan administrator to provide each participant and each beneficiary of a plan a statement of the rights or participants and beneficiaries.

75.    Defendants have failed to provide Plaintiffs and all putative class members with a statement of rights under ERISA in violation of ERISA § 104(c), 29 U.S.C. § 1024(c).

76.    Defendant's failed to provide all of the documents requested by the Union on September 25, 2016, June 29, 2017 and September 12, 2017, in violation of ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

77.    As a direct and proximate result of the failure to provide Plaintiffs and all putative class members with the information required by ERISA, Defendants are jointly and severally liable to Plaintiffs for civil monetary penalties as set forth in

19

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

ERISA § 502(c)(1) calculated from October 15, 2016 and continuing through the present.

78.     Pursuant to ERISA § 502(g)(1), Defendants are jointly and severally liable for payment of reasonable costs and attorneys' fees incurred by Plaintiffs and members of the putative class.

## VIII.  THIRD CLAIM FOR RELIEF
(Violation of ERISA §§ 202-203, 29 U.S.C. § 1052-1053—Defendants 4Cs Plans, 4C Board of Trustees, Villasenor,  LSW, Cetera Financial Group)

79.     Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

80.     ERISA § 202, 29 U.S.C. § 1052 prohibits any pension plan from requiring, as a condition of participation in the plan, that the employee complete a period of service of over one year.  ERISA § 203, 29 U.S.C. § 1053 provides that once vested, an employee's right to the normal retirement benefit is non-forfeitable upon attaining normal retirement age.

81.     Each of the life annuity contracts Defendant LSW provided to Plaintiffs and the putative class members imposes a 12-year period from the date of the life annuity contract before the contract holder can access the funds.  If funds are accessed at any time before expiration of the 12-year period, fees in excess of 10% of the amount withdrawn are imposed.

82.     Plaintiffs allege, upon information and belief, that additional life annuity contracts were also purchased for certain Plaintiffs and putative class members through Cetera Financial Group.  The life annuity contracts purchased through Cetera Financial Group also impose restrictions similar in nature to the restrictions imposed under the life annuity contracts held by LSW.

83.     Each of the life annuity contracts purchased on behalf of Plaintiffs through Defendant LSW and/or Cetera Financial Group, constitutes the formation

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

of a new type of employee benefit plan pursuant to ERISA § 3(3), 29 U.S.C. § 1002(3). As such, these life annuity contracts contain unlawful eligibility waiting periods in violation of ERISA § 202, 29 U.S.C. § 1052, as well as an unlawful vesting periods in violation of ERISA § 203, 29 U.S.C. § 1053.

84.     As a direct and proximate result of Defendants', and each of their violations of ERISA §§ 202 and 203, 29 U.S.C. §§ 1052, 1053, Plaintiffs and all putative class members have been deprived of lawful access to their retirement funds, all to their damage, according to proof.

85.     Plaintiffs request declaratory relief finding all life annuity contracts violate the above alleged provisions of ERISA and must be reformed.

86.     Plaintiffs further request the original value of any and all fees or penalties paid by any Plaintiffs to Defendant LSW and/ or Cetera Financial Group, plus additional money reflective of a reasonable investment rate of return that Plaintiffs would have realized on the value of said fees or penalties, be deposited into a tax-deferred retirement account established by and for each Plaintiff and member of the putative class.

87.     Pursuant to ERISA § 502(g)(1), Defendants are jointly and severally liable for payment of reasonable costs and attorneys' fees incurred by Plaintiffs and members of the putative class.

## IX.    FOURTH CLAIM FOR RELIEF
(Violation of ERISA § 206(d), 29 U.S.C. § 1056(d)—Defendants
4Cs Plans, 4C Board of Trustees, LSW, Cetera Financial Group)

88.     Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

89.     By using the vested retirement account balances of Plaintiffs and putative class members to acquire life annuity contracts (which contain unreasonable fees and roll-over restrictions), Defendants 4C Plans, 4C Board of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

Trustees, Villasenor, Logan, Logan Group Securities, and each of them have provided Defendant LSW and/or Cetera Financial Group with an enforceable legal interest in each of the Plaintiffs' vested retirement account balances, thereby alienating these benefits from Plaintiffs, in violation of ERISA § 206(d), 29 U.S.C. § 1056(d).

90.    With respect to the 4Cs Plans, Defendants, and each of them, have violated ERISA § 206(d), 29 U.S.C. § 1056(d) by permitting the vested retirement accounts of Plaintiffs and members of the putative class to be converted into life annuity contracts which excessively limit the right to withdraw funds by imposing a 10% fee on any amount withdrawn within 12 years following the inception of the contract, and permitting those fees to be paid to Defendant LSW, which is a party in interest with respect to the 4Cs Plans.

91.    As a direct and proximate result of Defendants', and each of their conduct, Plaintiffs and all members of the putative class have sustained a loss of retirement savings through the payment of unreasonable fees and roll-over restrictions.

92.    Plaintiffs request declaratory relief finding all life annuity contracts must be rescinded as they constitute an unlawful alienation of retirement benefits under ERISA § 206(d), 29 U.S.C. § 1056(d), and that Defendants LSW and/or Cetera Financial Group must pay any fees, penalties, or other forms of income received by each of them, into a tax-deferred retirement account established by and for each Plaintiff and member of the putative class.

93.    Plaintiffs, and members of the putative class, also seek, an equitable monetary award reflective of a reasonable investment rate of return that could have otherwise been achieved on all commissions, fees or other forms of financial income paid to Defendants LSW and/or Cetera Financial Group and that such

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

award be paid into a tax qualified individual retirement account selected by each respective Plaintiff and member of the putative class.

94.     Pursuant to ERISA § 502(g)(1), Defendants are jointly and severally liable for payment of reasonable costs and attorneys' fees incurred by Plaintiffs, and members of the putative class.

## X.     FOURTH CLAIM FOR RELIEF
(Violation of ERISA § 404, 29 U.S.C. § 1104—Breach of Fiduciary Duties—Defendants 4Cs Plans, 4C Board of Trustees, Logan, Logan Group Securities, LSW, Cetera Financial Group, Chacon)

95.     Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

96.     ERISA § 404, 29 U.S.C. § 1104 imposes a fiduciary obligation with respect to a plan to operate the plan for the exclusive purpose of providing benefits to participants and their beneficiaries and to defray the reasonable expenses of administering the plan, requires plan trustees and administrators to act with the care, skill, prudence, and diligence of a prudent person acting in the capacity of a plan administrator or trustee; requires diversification of investments of the plan so as to minimize the risk of large losses, and to act in accordance with the documents and instruments governing the plan.

97.     With respect to the 4Cs Plans, Defendants, and each of them, have breached their fiduciary duties by failing to establish plan documents governing each plan, and by allowing the vested retirement account balances of Plaintiffs and members of the putative class to be converted into life annuity contracts whereby the "value" of each contract is equal to 100% of all premiums paid into the contract, plus interest earnings based on the market performance of the Standard & Poors 500 Index.  As a result, vested retirement account balances accrue interest and grow in value based solely upon the performance of single investment index, which

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

constitutes an excessive degree of investment risk and lacks reasonable investment diversification.

98. As a direct and proximate result of Defendants', and each of their conduct, Plaintiffs and all members of the putative class have been deprived of a reasonable opportunity to be knowledgeable of, or exercise discretion over, the rate of investment return on their retirement plan assets as compared with a self-directed "401-k" style contributory retirement plan.

99. Plaintiffs request declaratory relief finding all life annuity contracts violate multiple provisions of ERISA and must be rescinded, and that all contributions transferred into these life annuity contracts be released from the custody or control of any and all Defendants, without the imposition of any fees or penalties, and be deposited into a tax-deferred retirement account established by and for each Plaintiff and member of the putative class.

100. Plaintiffs, and members of the putative class, also seek an equitable monetary award reflective of a reasonable investment rate of return that each Plaintiff or member of the putative class could have otherwise achieved on all contributions held in these life annuity contracts, and that such award be deposited into a tax-deferred retirement account established by and for each Plaintiff and member of the putative class.

101. Pursuant to ERISA § 502(g)(1), Defendants are jointly and severally liable for payment of reasonable costs and attorneys' fees incurred by Plaintiffs, and members of the putative class.

## XI. FIFTH CLAIM FOR RELIEF

(Violation of ERISA § 406, 29 U.S.C. § 1106—Breach of Fiduciary Duties—
Defendants Logan, Logan Group Securities, LSW, Cetera Financial Group)

102. Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

103.    ERISA § 406(a)(1)(B), 29 U.S.C. § 1106(a)(1)(B) prohibits an ERISA fiduciary from lending money to, or extending credit to a party-in-interest as defined by ERISA § 3(14), 29 U.S.C. § 1002(14).

104.    Plaintiffs are informed and believe and on that basis allege that Defendants, and each of them, violated ERISA § 406(a)(1)(B) by engaging in or permitting financial transactions involving the vested account balances of Plaintiffs and members of the putative class to occur between the 4Cs Plans and Defendants Logan, Logan Group Securities, LSW, Cetera Financial Group and Chacon.  Such transactions violate ERISA §§ 406(a)(1)(B)-(D) because:

A.    4Cs Plan assets were transferred into the sole custody and control of party-in-interest with respect to the 4Cs Plans, namely Defendants LSW and Cetera Financial Group, whereby revenues and other investment earnings generated from 4Cs Plan assets are retained by Defendant LSW and/or Cetera Financial Group.

B.    4Cs Plan assets have been converted into life annuity contracts brokered by Defendants Logan, Logan Group Securities and Chacon, which result in the payment of commissions and/or other compensation to Defendants Logan, Logan Group Securities and/or Chacon who are each a party-in-interest with respect to the 4Cs Plans.

C.    4Cs Plan assets were paid to Defendant Villasenor upon his resignation from 4Cs, all while Defendant Villasenor remained a party in interest with respect to the 4Cs Plans by and through his consulting work for 4Cs and/or 4Cs plans following his resignation.

105.    As a result of the conduct set forth above, Defendants, and each of them, have dealt with assets of the 4Cs Plans in their own interest and acted on behalf of a party whose interests are adverse to those of the participants and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

beneficiaries of the 4Cs Plans in violation of ERISA § 406(b)(1) and (2), 29 U.S.C.
§ 1106(b)(1) and (2).

106.    As a direct and proximate result of Defendants', and each of their
violations of ERISA § 406(b)(1), each of the Plaintiffs and members of the putative
class, have sustained a loss in retirement savings equal to the value of any revenues
or investment earnings retained by Defendants LSW and/or Cetera Financial group,
as well as any commissions and/or other forms of compensation paid to Defendants
Logan, Logan Group Securities and/or Chacon.

107.    Plaintiffs request declaratory relief finding all life annuity contracts
violate multiple provisions of ERISA and must be rescinded, and that any revenues,
investment earnings, commissions or other forms of compensation retained by
Defendants Logan, Logan Group Securities, Chacon, LSW and/or Cetera Financial
deposited into a tax-deferred retirement account established by and for each
Plaintiff and member of the putative class, without the imposition of any fees or
penalties.

108.    Plaintiffs, and members of the putative class, request injunctive relief
in the form of an order enjoining any and all Defendants, and each of them, from
receiving any fees, commissions, compensation or other items of monetary value
from any of the contributions that have been transferred into the custody or control
of Defendants LSW and/or Cetera Financial Group.  This request for injunctive
relief includes a request that Defendant Villasenor be enjoined from receiving any
distributions from any of the 4Cs Plans including, but not limited to, any
distributions from contributions otherwise transferred by the 4Cs Board of Trustees
into the custody or control of Defendants LSW and/or Cetera Financial Group.

109.    Plaintiffs, and members of the putative class, also seek an equitable
monetary award reflective of a reasonable investment rate of return that could have
otherwise been achieved on all revenues, investment earnings, commissions or

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1   other forms of compensation retained by Defendants, and that such award be

2   deposited into a tax-deferred retirement account established by and for each

3   Plaintiff and member of the putative class.

4       110.    Pursuant to ERISA § 502(g)(1),  Defendants are jointly and severally

5   liable for payment of reasonable costs and attorneys' fees incurred by Plaintiffs, and

6   members of the putative class, through the initiation of this lawsuit.

7           ## XII.   SIXTH CLAIM FOR RELIEF
            (Breach of Contract, California Civil Code §§ 1549, 1550 –
8           Defendants 4Cs, 4Cs Board of Trustees, 4Cs Plans, Logan,
            Logan Group Securities, Cetera Financial Group, Chacon)
9

10      111.    Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such

11  reference incorporate them herein as though fully set forth.

12      112.    On or after 2002, Defendant 4Cs Board of Trustees, by and through

13  the conduct of Defendants Villasenor, Logan, Logan Group Securities and Chacon,

14  entered into written contracts with Plaintiffs and members of the putative class,

15  whereby the 4Cs Board of Trustees promised to provide Plaintiffs with a retirement

16  benefit consisting of contributions payable by 4Cs into an account held in the name

17  of each Plaintiff and member of the putative class. In exchange for said promise,

18  each Plaintiff and member of the putative class promised to continue his/her

19  employment with 4Cs for at least one year (the "Contract").

20      113.    Plaintiffs and members of the putative class have performed all of their

21  obligations, covenants, and conditions required of them under the contract through

22  continued service with 4Cs of at least one year, and are entitled to the benefits of

23  the Contract as promised by the Defendant 4Cs Board of Trustees.

24      114.    Defendant 4Cs Board of Trustees, by and through the conduct of

25  Defendants Villasenor, Logan, Logan Group Securities, LSW, Cetera Financial

26  Group and Chacon breached this Contract by using a portion of the contributions

27  paid by Defendant 4Cs Board of Trustees to pay compensation to other Defendants,

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

including but not limited to Defendants Villasenor, Logan, LSW, Cetera Financial Group and Chacon.

115.    Defendant 4Cs Board of Trustees, by and through the conduct of all other Defendants named in this action, breached the Contract by allowing the contributions made by 4Cs Board of Trustees to be managed imprudently through conversation of said contributions into illiquid, poorly diversified life annuity contracts.

116.    Based on the foregoing, Plaintiffs and members of the putative class, and each of them, allege that an actual controversy has arisen and now exists with respect to the Contract ("Actual Controversy"). This Actual Controversy is between the Plaintiffs (including all members of the putative class and) Defendants 4Cs, 4Cs Board of Trustees, 4Cs Plans, Logan, Logan Group Securities, Cetera Financial Group and Chacon.

117.    Plaintiffs and all members of the putative class, and each of them, desire a judicial determination with respect to this Actual Controversy so that the Plaintiffs and all members of the putative class may determine their rights and duties with respect to the Contract.

118.    Plaintiffs and all members of the putative class allege that they have suffered damages, to their detriment, which include, but are not limited to a significant loss in the immediate and long-term value of their accrued retirement benefit, all to their damage, according to proof.

119.    Plaintiffs and all members of the putative class have exhausted all necessary administrative remedies in so much as the 4Cs Plans and/or 4Cs Board of Trustees have failed to establish, in writing, any procedures for filing a claim or an appeal with respect to a claim for benefits under the 4Cs Plans.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

## XIII.  SEVENTH CLAIM FOR RELIEF

(Fraud in the inducement, in concealment and Intentional Deceit,
California Civil Code §§ 1709, 1710 – Defendants 4Cs, 4Cs
Board of Trustees, 4Cs Plans, Villasenor, Logan, Logan Group Securities,
LSW, Cetera Financial Group, Chacon)

120.     Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

121.     Defendants 4Cs, 4Cs Board of Trustees and Villasenor engaged in acts of deceit by encouraging Plaintiffs and member of the putative class to sign documents which purported to be "applications" for participation in the 4Cs plans but, in truth, these documents were binding life annuity contracts. In so doing, Defendants 4Cs, 4Cs Board of Trustees and Villasenor negligently misrepresented and fraudulently concealed from Plaintiffs and members of the putative class the true nature of the restrictive life annuity contracts, and the fees, commissions and other compensation payable to Defendants Logan, Logan Group Securities, LSW, Cetera Financial Group and Chacon.

122.     Defendants Logan, Logan Group Securities, LSW participated in these acts of deceit by accepting these signed documents from Plaintiffs and members of the putative class, all while negligently misrepresenting and fraudulently concealing the true marketable value of these life annuity contracts by failing to disclose: (1) that interest earnings on these life annuity contracts would be limited to 1.95% for the first year, (2) following the first year, interest would accrue (or be lost) at a rate equivalent to the S&P 500 equities index market performance; (3) that Plaintiffs would incur unreasonable fees if they desired to withdraw the accrued balances from these life annuity contracts within twelve (12) years following the "Policy Issue Date."

123.     Plaintiffs allege, upon information and belief, that Defendants Cetera Financial Group and Chacon also engaged in acts of deceit by allowing 4Cs Plans

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

contributions to be paid as premium payments on various life annuity contracts insured by Cetera Financial Group, and held in the names of all Plaintiffs and members of the putative class.  In so doing, Defendants Cetera Financial Group and Chacon negligently misrepresented and fraudulently concealed the highly restrictive nature of these life annuity contracts by failing to disclose to Plaintiffs and members of the putative class, the fees, commissions and other forms of compensation received by Defendants Cetera Financial Group and Chacon under the terms of these life annuity contracts.

124.    Plaintiffs and members of the putative class reasonably relied on the negligent misrepresentations provided to them when electing to execute binding life annuity contracts. Plaintiffs and members of the putative class allege that such contracts are unlawful and must be rescinded.

125.    As a direct and proximate result of these false statements made by Defendants 4Cs Plans, 4Cs Board of Trustees, Villasenor, Logan, Logan Securities Group, LSW, Cetera Financial Group and Chacon; Plaintiffs and members of the putative class have suffered and continue to suffer a significant loss in the immediate and long-term value of their accrued retirement benefit, all to their damage, according to proof.

## XIV.  EIGHTH CLAIM FOR RELIEF
(Conversion—Defendants 4Cs Plans, Logan, Logan
Group Securities, LSW, Cetera Financial Group, Chacon)

126.    Plaintiffs refer to paragraphs 1 through 59, inclusive, and by such reference incorporate them herein as though fully set forth.

127.    At all times mentioned, Defendants 4Cs Plans, Logan, Logan Group Securities, LSW, Cetera Financial Group and Chacon exercised and continue to exercise unlawful dominion and control over an identifiable sum of money consisting of retirement contributions promised to Plaintiffs by the 4Cs Board of

30

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1   Trustees.  Defendants 4Cs Plans, Logan, Logan Group Securities, LSW, Cetera

2   Financial Group and Chacon are jointly and severally liable to Plaintiffs and

3   members of the putative class for damages arising from the unlawful conversion of

4   Plaintiffs' and the class' retirement assets.

5      128.   Defendant LSW continues to exercise unlawful dominion or control

6   over an identifiable sum of money belonging to Plaintiffs and members of the

7   Putative class until the present time by enforcing the terms of the life annuity

8   contracts.  The terms of the life annuity contracts contain unreasonable restrictions

9   upon said assets including, but not limited to, charging excessive fees against any

10  withdrawals made by Plaintiffs and/or members of the putative class from accounts

11  held by Defendant LSW and/or Cetera Financial Group, and by limiting Plaintiffs

12  and members of the putative class from rolling over the value of these life annuity

13  policies into other tax deferred, qualified individual retirement accounts.

14     129.   Plaintiffs were never made aware of these restrictions because they

15  were never provided any documentation summarizing the restrictions imposed by

16  Defendants LSW and/or Cetera Financial Group.

17     130.   These unreasonable restrictions imposed by Defendant LSW are the

18  immediate and direct cause of financial harm suffered by Plaintiffs and members of

19  the putative class by depriving them with the ability to diversify or re-invest the

20  proceeds in other properly diversified, liquid investment vehicles that may provide

21  greater investment returns.

22     131.   Plaintiffs, and members of the putative class, request injunctive relief

23  in the form of an order enjoining Defendants LSW and/or Cetera Financial Group

24  from enforcing any and all terms and conditions of these life annuity contracts,

25  including but not limited to enjoining Defendants LSW and Cetera Financial Group

26  from receiving any fees, commissions, compensation or other items of monetary

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

1  value that would otherwise be payable to them under the written terms of any of

2  said life annuity contracts.

3  ## XV.  **PRAYER FOR RELIEF**

4          WHEREFORE, the Plaintiffs pray judgment be entered against all

5  Defendants and the Court order:

6          1.      Reformation of the 4Cs Plans to comply with ERISA by appointing

7  and retaining an independent fiduciary with full discretionary authority to collect all

8  4Cs Plans assets being held by any Defendants named in this action, and transfer

9  the portion of such assets belonging to each Plaintiff into a tax-deferred retirement

10 account established by and for each Plaintiff;

11         2.      Defendants to fully cooperate with the independent fiduciary;

12         3.      Defendants to, jointly and severally, pay for all costs associated with

13 the appointment and retention of the independent fiduciary;

14         4.      A full accounting of the 4Cs Plans as a result of the fiduciary

15 breaches;

16         5.      Defendants to, jointly and severally, restore to the 4Cs Plans any losses

17 to the 4Cs Plans resulting from their fiduciary breaches including but not limited to

18 losses arising from failures to remit, or timely remit, employee contributions and

19 loan repayments to the 4Cs Plans, including any and all un-remitted employee

20 contributions, un-remitted loan repayments, and lost-opportunity income, which

21 continues to accrue;

22         6.      Defendants to, jointly and severally, correct the prohibited transactions

23 in which they engaged or in which they caused the Plan to engage;

24         7.      Permanently enjoin all Defendants from violating the provisions of

25 Title I of ERISA;

26         8.      Permanently enjoin Defendants Villasenor, Logan, Logan Group

27 Securities, LSW, Cetera Financial Group and Chacon from receiving any fees,

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.

commissions, compensation or other items of monetary value from any and all contributions that have ever been transferred into the custody or control of Defendants LSW and/or Cetera Financial Group;

9.    Permanently enjoin Defendants Villasenor, Logan, Logan Group Securities, LSW, Cetera Financial Group and Chacon from serving as fiduciaries of, or service providers to, any ERISA-covered employee benefit plan;

10.    Award penalties pursuant to ERISA § 502(c)(1);

11.    Award the Plaintiffs the costs of this action;

12.    Award Plaintiffs reasonable attorney fees pursuant to ERISA § 502(g)(1); and

13.    Order such other and further relief as is appropriate and just.

Dated:  December 21, 2017          WEINBERG, ROGER & ROSENFELD
                                   A Professional Corporation


                                        */s/ Roberta D. Perkins*
                          By:    WILLIAM A. SOKOL
                                 ROBERTA D. PERKINS
                                 ADAM THOMAS

                                 Attorneys for Plaintiff MARIO DEL
                                 CASTILLO, PUTHEA CHEA, and
                                 MICHAEL RASCHE, on behalf of
                                 themselves and others similarly situated

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549, 1550, 1709, 1710 - Demand For Jury Trial
Case No.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

1

## DEMAND FOR JURY TRIAL

2
    The Plaintiffs and members of the putative class, hereby demand a jury trial.

3

4
Dated: December 21, 2017          WEINBERG, ROGER & ROSENFELD

A Professional Corporation

5

6
                          */s/ Roberta D. Perkins*

7
By:   WILLIAM A. SOKOL
        ROBERTA D. PERKINS

8
        ADAM THOMAS

9
        Attorneys for Plaintiff MARIO DEL
        CASTILLO, PUTHEA CHEA, and

10
        MICHAEL RASCHE, on behalf of
        themselves and others similarly situated

11

12
140933\947967

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Class Action - Complaint for Damages, Declaratory and Injunctive Relief, Violation of the
Employee Retirement Income Security Act of 1974; Violation of Cal. Civil Code §§ 1549,
1550, 1709, 1710 - Demand For Jury Trial
Case No.