| | |
|---|---|
| 1 | KAUFMAN DOLOWICH & VOLUCK, LLP |
|   | TAD A. DEVLIN (SBN 190355) |
| 2 | tdevlin@kdvlaw.com |
|   | GABRIEL N. RUBIN (SBN 241659) |
| 3 | grubin@kdvlaw.com |
|   | IAN E. ANDERSON (SBN 279805) |
| 4 | Ianderson@kdvlaw.com |
|   | 425 California Street, Suite 2100 |
| 5 | San Francisco, California  94104 |
|   | Telephone:   (415) 926-7600 |
| 6 | Facsimile:    (415) 926-7601 |

Attorneys for Defendants COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., BOARD OF TRUSTEES FOR COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA, INC., BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES McDANIEL and JULIENNE LaFITTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO DEL CASTILLO, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., et al.,<br><br>　　　　　Defendants. | Case No.:  5:17-cv-07243-SVK<br><br>Action Filed:  December 21, 2017<br><br>**COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC. AND ITS BOARD OF TRUSTEES' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　　April 24, 2018<br>Time:　　　　10:00 a.m.<br>Courtroom:　6<br>Judge:　　　Hon. Susan van Keulen |

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on April 24, 2018 at 10:00 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court located at 280 South 1st Street, Courtroom 6, 4th Floor, San Jose, California, Defendants COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., BOARD OF TRUSTEES FOR COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA, INC., BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES McDANIEL and JULIENNE LaFITTE will: (1) move the Court pursuant to Federal Rules of Civil Procedure 12(b)(6) for an order dismissing with prejudice the Class Action Complaint filed in this action by Plaintiffs and (2) join in the Motions to Dismiss Plaintiff's Class Action Complaint filed by Defendants LIFE INSURANCE COMPANY OF THE SOUTHWEST, MARY CHACON, ALFREDO VILLASENOR, and KEVIN LOGAN.

The Motion is made on the grounds that: (1)  Defendants BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES McDANIEL and JULIENNE LaFITTE have immunity from the allegations against them in the Complaint under the Volunteer Protection Act (42 U.S.C. §14501 et seq.), (2) the First Cause of Action fails to state a claim and misstates the contents of COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC.'s public filings, and (3) the Fourth Cause of Action is not plausible, (4) the Sixth Cause of Action fails to state a claim because Defendant 4C did not breach the employment contract as alleged, and (5) the grounds set forth in the Motions to Dismiss Plaintiff's Class Action Complaint filed by Defendants LIFE INSURANCE COMPANY OF THE SOUTHWEST, MARY CHACON, ALFREDO VILLASENOR, and KEVIN LOGAN.

This Motion is based upon this Notice of Motion, this Motion and attached Memorandum of Points and Authorities, the Request for Judicial Notice, and the Proposed Order, all of which are served and filed herewith; the papers, records, and pleadings on file herein; and on such other and further matters as may be presented to the Court at the hearing on the Motion.

//

//

DATED:  March 16, 2018            KAUFMAN DOLOWICH & VOLUCK, LLP


/s/ Tad A. Devlin
Tad A. Devlin
Gabriel N. Rubin
Ian Anderson
Attorneys for Defendants COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., BOARD OF TRUSTEES FOR COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA, INC., BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES McDANIEL and JULIENNE LaFITTE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC. ("4C"), BOARD OF TRUSTEES FOR COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA, INC., BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES McDANIEL and JULIENNE LaFITTE (collectively "the 4C Defendants") bring this Motion to Dismiss because of multiple defects that appear on the face of Plaintiffs' Complaint:

- Defendants BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES McDANIEL, and JULIENNE LaFITTE ("Individual Board Members") are all volunteers and accordingly have immunity from Plaintiff's claims under the Volunteer Protection Act, 42 U.S.C. §14501 *et sequential*, requiring their dismissal from this Action.
- The First Cause of Action fails because, contrary to Plaintiffs' allegations, 4C properly filed a Form 5500-SF for the 2009 plan year and full Form 5500s for plan years 2010 and 2011.
- The Fourth Cause of Action does not plausibly state any fact showing that the 4C Defendants obtained any enforceable legal interest in the Plaintiffs' retirement accounts;
- The Sixth Cause of Action does not state a claim for breach of contract because Plaintiffs have not alleged any breach of any specific contract term in their alleged employment contracts with 4C.

Each of the foregoing defenses is in addition to the multiple defenses raised by Defendants LIFE INSURANCE COMPANY OF THE SOUTHWEST, MARY CHACON, ALFREDO VILLASENOR, and KEVIN LOGAN in their own Motions to Dismiss Plaintiffs' Complaint. Rather than re-briefing the issues raised, the 4C Defendants join in those Motions to Dismiss because they raise multiple defenses that require dismissal of many of Plaintiff's causes of action against the 4C Defendants.

## II. ALLEGATIONS

For purposes of this Motion to Dismiss, the allegations of Plaintiffs' Complaint are treated as true, even those that the 4C Defendants deny. By accepting the truth of these allegations for the limited purposes of this Motion, the 4C Defendants are not waiving any right to later challenge these allegations.

Defendant 4C is a California non-profit corporation that operates a Head Start program in Santa Clara County. Complaint, 4:4-8; Request for Judicial Notice ("RJN"), Exhibit A. The Individual Board Members are current and past members of 4C's board of trustees and acted "in their capacities as members of the 4Cs Board of Trustees" in doing all acts alleged in the Complaint. Complaint, 4:9-15. As a Head Start program, by law, the members of 4C's board of trustees must all be volunteers. 42 U.S.C. §98379(c)(1)(C)(ii).

Plaintiffs allege that 4C maintains three retirement plans: (1) a non-qualified deferred compensation plan, (2) a defined contribution plan, and (3) a profit sharing plan. Plaintiffs allege a variety of ERISA violations in the Complaint's eight causes of actions relating to alleged violations of ERISA law and California common law in connection with these plans, including issues related to the profit-sharing plans' Department of Labor filings from 2009, 2010, and 2011. The 4C Defendants have requested judicial notice of these filings. (RJN, Exhibits B, C, and D.)

## III. LEGAL ANALYSIS

**A.   Applicable legal standard.**

A defendant may move, under Federal Rule of Civil Procedure 12(b)(6), to dismiss a complaint for failure to state a claim upon which relief can be granted. A plaintiff must state enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In ruling on a 12(b)(6) motion, Courts follow a two-pronged approach. First, although the court must accept as true all well-pleaded factual allegations, "thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id*.

Second, assuming the veracity of well-pleaded factual allegations, a court should ascertain whether such allegations "plausibly give rise to an entitlement to relief." *Id*. But there is no plausibility where the facts do not permit a court to infer more than the mere possibility of misconduct. *Id*.

**B.      The Individual Board Members are volunteers and have immunity under the Volunteer Protection Act.**

Under the Volunteer Protection Act, volunteers are protected from liability when: "(1) acting within the scope of their duties as Board Members; (2) properly authorized to serve as Board Members; (3) the harm was not caused by willful or criminal misconduct, gross negligence, or reckless misconduct; (4) [and] the harm was not caused by the volunteer operating a motor vehicle, vessel, or aircraft." *Armendarez v. Glendale Youth Ctr., Inc.*, 265 F. Supp. 2d 1136, 1141 (Dist. Ariz., 2003) (citing to 42 U.S. Code § 14503(a)). The Act is remedial and was passed for "protection of volunteerism through clarification and limitation of the personal liability risks assumed by the volunteer." 42 U.S.C. §14501(a)(4).

Because 4C is a non-profit organization and a Head Start Program, the Individual Board Members serve as volunteers. Complaint, 4:4-8; Request for Judicial Notice ("RJN"), Exhibit A. Plaintiffs do not allege that any Individual Board Members engaged in willful misconduct, gross negligence, or reckless misconduct. Plaintiffs name the Individual Board Members because they are serving on 4C's Board. Complaint, 4:9-15. But Plaintiff does not allege any particular act or statement by any specific Individual Board Member that forms the basis for its claims. The Volunteer Protection Act protects volunteer board members from this very situation, where they are joined in a lawsuit solely for serving on a non-profit's board. The Individual Board Members should be dismissed from this action.

//
//
//
//
//

- 3 -

**C. The First Cause of Action fails to state a claim and misstates the contents of 4C's public filings.**

Plaintiffs allegations in the First Cause of Action lack merit because the regulations cited by Plaintiffs do not relate to the use of form 5500-SF[1] and, contrary to Plaintiffs' allegations, 4C filed a full Form 5500 for the 2010 and 2011 plan years.

Plaintiff alleges that the 4C's profit sharing plan was not exempt from the "requirement to file a full Form 5500 … pursuant to any provision under 29 C.F.R. §§ 2520.103-4, 103-5, or 104-1 et seq." because the profit sharing plan had more than 100 participants. Complaint, 17:24-18:4. But none of these provisions prohibited 4C from filing a Form 5500-SF. 29 CFR §§ 2520.103-4 creates an exemption to reporting requirements for certain transactions for plan assets held by an insurance company in a pooled account; it does not directly relate to the use of Form 5500-SF. 29 CFR §§ 2520.103-5 relates to obligations of financial institutions to certify information needed by the plan administrator to report; it also does not relate to the use of Form 5500-SF.

Plaintiffs do not identify which provisions of "29 CFR §§ 2520.104-1, et seq." it contends that 4C could not rely on. Presumably, Plaintiffs are is taking the position that 4C's profit sharing plan had more than 100 participants at the beginning of the relevant plan years and was not exempt from filing a full Form 5500-SF under §2520.104-41, which provides in subsection (b):

> The administrator of an employee pension or welfare benefit plan which covers fewer than 100 participants at the beginning of the plan year and the administrator of an employee pension or welfare benefit plan described in § 2520.103-1(d) may file the simplified annual report described in paragraph (c) of this section in lieu of the annual report described in § 2520.103-1(b)

This provision allows a plan to file the shorter Form 5500-SF if the plan has less than 100 employees or if the plan meets the requirements of 29 CFR 2520.103-1(d), which states:

> If a plan has between 80 and 120 participants (inclusive) as of the beginning of the plan year, the plan administrator may elect to file the same category of annual report (i.e., the annual report for plans with 100 or more participants under paragraph (b) of this section or the annual report for plans with fewer than 100 participants under paragraph (c) of this section) that was filed for the previous plan year.

---

[1] Form 5500 is the form report that ERISA plans are generally required to file with the U.S. Department of Labor. Form 5500-SF is the "short form" version of that report.

- 4 -

For the 2009 tax year, the Form 5500-SF for 4C's profit-sharing plan states that the plan had 79 participants at the beginning of the plan and 110 participants by the end of the plan year. RJN, Exhibit B. But even if the 4C's profit-sharing plan did not have less than 100 participants at the beginning of its tax year, there is no allegation that the 4C's profit-sharing plan would not have qualified under 29 CFR § 2520.103-1(d) to file a Form 5500-SF based on its prior year's filing.

For the 2010 and 2011 tax years, the 4C Profit Sharing Plan did not file Form 5500-SF as alleged by Plaintiffs. It filed Form 5500. RJN, Exhibits C and D. Based on this fact alone, Plaintiff's First Cause of Action must be dismissed.

## D.     The Fourth Cause of Action is not plausible.

Plaintiffs allege in their Fourth Cause of Action that 4C's Board of Trustees and the 4C Plans themselves have obtained an enforceable legal interest in the Plaintiffs' and putative class members' individual retirement accounts. Complaint, 21:24-22:5. Plaintiffs need to allege facts that, at a minimum, create a reasonable inference that 4C's Board of Trustees and Plans obtained such an interest. *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 679 (9th Cir., 2017). Plaintiffs' allegation that 4C's Board of Trustees and the 4C Plans obtained an interest in individual accounts is not plausible on its face because placing 4C's employees in annuities contracts would not cause 4C's Board of Trustees to automatically obtain an interest in those accounts—even where there are fees charged by the insurer. See Complaint, 22:6-12.

Plaintiffs have not alleged that 4C's Board of Trustees or the 4C Plans are named on any individual accounts or any other fact that would show how either party has obtain some legally enforceable interest in Plaintiffs' and putative class members' accounts. Plaintiffs have not even alleged the nature of 4C's Board of Trustees' or the 4C Plans' interest in those accounts. Since there are no plausible facts supporting the conclusory allegations of the Fourth Cause of Action, it must be dismissed.

//

//

### E.  The Sixth Cause of Action fails to state a claim because Defendant 4C did not breach the employment contract as alleged.

Notwithstanding the ERISA preemption issues raised by other parties, Plaintiffs' Sixth Cause of Action must be dismissed because they have not alleged any breach of any specific term of the purported employment contracts. Under California law, where a plaintiff alleges a contract, the plaintiff must state whether the contract was written, oral, or implied. Cal. Civ. Proc. §430.10(g). To state a cause of action for breach of contract, the plaintiff must allege: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011). A breach is an "unjustified failure to perform a material promise or covenant." *Sun Microsystems, Inc. v. Microsoft Corp.*, 81 F. Supp. 2d 1026 (N.D. Cal., 2000) (quoting Witkin Sum. Cal. Law (9th Ed.), Contracts §792[2]).

Plaintiffs have not alleged that 4C failed to perform any "material promise or covenant" of their employment contracts. Plaintiffs allege the following employment contract: "the 4Cs Board of Trustees promised to provide Plaintiffs with a retirement benefit consisting of contributions payable by 4Cs into an account held in the name of each Plaintiff and member of the putative class. In exchange for said promise, each Plaintiff and member of the putative class promised to continue his/her employment with 4Cs for at least one year." Complaint, 27:12-19. They do not allege whether this agreement was written, oral, or implied and do not allege any more specific promises regarding how the plan would be funded or any warranties regarding the suitability of the assets placed in the plan.

Despite the absence of allegations of any more specific terms of the agreement, Plaintiffs allege that the 4C Defendants breached Plaintiffs' employment contracts by (1) using portions of Plaintiffs' retirement contributions to pay fees to others and (2) allowing contributions to be managed imprudently. Complaint, 27:24-28:7. But there is nothing to show that any of this conduct breached any term of Plaintiffs' alleged employment contracts, which solely promised "a retirement benefit

---

[2] In the current edition: 1 Witkin, Sum. Cal. Law, Contracts §874

- 6 -

consisting of contributions payable by 4Cs into an account held in the name of each Plaintiff and member of the putative class." Complaint, 27:12-19. Even if the Sixth Cause of Action is not preempted by ERISA, it must be dismissed for failure to allege any breach of contract.

**F.    The 4C Defendants' joinder in the other Motions to Dismiss.**

The 4C Defendants join the other defendants' Motions to Dismiss to the extent that they are applicable to the claims against them. In these motions, the other defendants have identified numerous legal deficiencies that require dismissal of Plaintiffs' claims. Rather than repeat these issues already briefed to the Court, the 4C Defendants identify the following arguments that apply equally to them:

**Defendant Life Insurance Company of the Southwest's Motion to Dismiss** filed on February 16, 2018  (Docket No. 68):

- The Plaintiffs' claims are time-barred under the three-year statute of limitations of 29 U.S.C. § 1113, and Plaintiffs Rasche's and Del Castillo's claims are barred by the six-year statute of repose under 29 U.S.C. § 1113. (LSW's Motion, 20:20-22:17.)

- The Third Cause of Action fails to state a claim because Plaintiffs have not alleged any violation of ERISA's vesting or participation requirements. (LSW's Motion, 23:16-24:17.)

- The Fourth Cause of Action fails to state a claim because Plaintiffs have not alleged any violation of ERISA's prohibition on alienation or assignment of plan assets. (LSW's Motion, 24:18-25:20.)

- Any claim arising out of the alleged Non-Qualified Plan must be dismissed because these types of plans are exempt from the ERISA sections that Plaintiffs claim were violated. (LSW's Motion, 26:25-27:12.)

- Plaintiffs state law causes of action (seven, eight, and nine) are preempted by ERISA. (LSW's Motion, 27:13-28:12.)

- Plaintiffs have failed to adequately allege fraud or negligent misrepresentation. (LSW's Motion, 28:13-31:27.)

- Plaintiffs fail to state a claim for conversion. (LSW Motion, 32:1-33:14.)

**Mary Chacon's Motion to Dismiss** filed February 20, 2018 (Docket No. 76.)

- Plaintiffs' state law causes of action (seven, eight, and nine) are preempted by ERISA. (Chacon's Motion, 10:6-14:4)
- Plaintiffs have not adequately alleged fraud. (Chacon's Motion, 14:5-15:22.)
- Leave to amend on these issues should be denied. (Chacon's Motion, 15:24-16:3.)

**Alfredo Villasenor's Motion to Dismiss** filed March 7, 2018 (Docket No. 94.)

- Plaintiffs' First Cause of Action fails as a matter of law. (Villasenor's Motion, 3:26-5:6.)
- Plaintiffs' First Cause of Action is time-barred. (Villasenor's Motion, 5:6-6:9.)
- Plaintiffs' Second Cause of Action is time-barred. (Villasenor's Motion, 7:15-20.)
- Plaintiffs' Third Cause of Action fails to state a violation of ERISA §§ 202 and 203. (Villasenor's Motion, 7:21-8:4.)
- Plaintiffs' state law claims are preempted by ERISA. (Villasenor's Motion, 8:5-10:15)

**Logan's Motion to Dismiss** filed March 9, 2018 (Docket No. 98.)

- The Plaintiffs' claims are time barred under the three-year statute of limitations of 29 U.S.C. § 1113, and Plaintiffs Rasche's and Del Castillo's claims are barred by the six-year statute of repose under 29 U.S.C. § 1113. (Logan's Motion, 12:5-14:4.)
- The Fourth Cause of Action fails to state a claim because Plaintiffs have not alleged any violation of ERISA's prohibition on alienation or assignment of plan assets. (Logan's Motion, 14:12-15:14.)
- Any claim arising out of the alleged Non-Qualified Plan must be dismissed because these types of plans are exempt from the ERISA sections that Plaintiffs claim were violated. (Logan's Motion, 17:2-16.)
- Plaintiffs state law causes of action (seven, eight, and nine) are preempted by ERISA. (Logan's Motion, 17:17-18:18.)

- Plaintiffs have failed to adequately allege fraud or negligent misrepresentation. (Logan's Motion, 18:19-22:12.)
- Plaintiffs fail to state a claim for conversion. (Logan's Motion, 22:14-23:17.)

In light of the above legal deficiencies, Plaintiffs' Complaint must be dismissed in its entirety.

## IV. CONCLUSION

Plaintiff's Complaint must be dismissed against the Individual Board Members in its entirety because they have immunity under the Volunteer Protection Act.  Because Plaintiff cannot plead any allegations to overcome this legal hurdle, leave should not be granted to amend the Complaint with respect to the Individual Board Members. Plaintiff's Complaint must be dismissed against all 4C Defendants because of the defenses to the First, Fourth, and Sixth Causes of Action raised above and the defenses to each of Plaintiff's Causes of Action raised in the other Defendants' Motions to Dismiss.  Because these defects also cannot be corrected in an amended pleading, leave should not be granted to amend the Complaint.

DATED:  March 16, 2018                    KAUFMAN DOLOWICH & VOLUCK, LLP

/s/ Tad A. Devlin
Tad A. Devlin
Gabriel N. Rubin
Ian Anderson
Attorneys for Defendants COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., BOARD OF TRUSTEES FOR COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA, INC., BEN MENOR, XIAOYAN XU, CLARENCE MADRILEJOS, JAMES McDANIEL and JULIENNE LaFITTE