WILLIAM A. SOKOL, Bar No. 072740
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone: (510) 337-1001
Fax: (510) 337-1023

ADAM THOMAS, Bar No. 297249
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017-2607
Telephone: (213) 380-2344
Fax: (213) 443-5098

E-Mail: bsokol@unioncounsel.net
rperkins@unioncounsel.net
athomas@unioncounsel.net

Attorneys for Plaintiff MARIO DEL CASTILLO, PUTHEA CHEA, MICHAEL RASCHE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARIO DEL CASTILLO, PUTHEA CHEA, and MICHAEL RASCHE, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., et al.;

Defendants.

Case No. 5:17-cv-07243-SVK

**PLAINTIFFS' OPPOSITION TO KEVIN LOGAN'S MOTION TO DISMISS**

Date: April 24, 2018
Time: 10:00 a.m.
Dept.: 6

*Assigned to Hon. Susan van Keulen for all purposes*

Complaint filed: December 21, 2017
Trial Date: None Set

**TABLE OF CONTENTS**


I. INTRODUCTION ....................................................................................................6

II. ALLEGATIONS OF THE COMPLAINT ....................................................................7

A. SUMMARY OF FACTS ..........................................................................................7

B. STATE LAW CAUSES OF ACTION .........................................................................8

III. ARGUMENT ..........................................................................................................8

A. THE STANDARD ON RULE 12 MOTIONS ...............................................................8

B. LOGAN'S MOTION MUST BE DISMISSED BECAUSE HE IS A QUINTESSENTIAL ERISA FIDUCIARY. ...........................................9

C. THE COMPLAINT STATES A CLAIM AGAINST KEVIN LOGAN FOR A BREACH OF FIDUCIARY PRUDENCE (ERISA § 404, 29 U.S.C. § 1104) ...........................................11

D. THE COMPLAINT STATES A CLAIM AGAINST KEVIN LOGAN FOR A BREACH OF FIDUCIARY DUTY BY ENGAGING IN PROHIBITED TRANSACTIONS (ERISA § 406, 29 U.S.C. § 1106) ...........................................13

E. PLAINTIFFS' CLAIMS ARE NOT TIME BARRED BY EITHER THE ERISA SIX-YEAR STATUTE OF REPOSE, OR THE THREE-YEAR STATUTE OF LIMITATIONS. ...........................................14

F. THE STATE LAW CLAIMS ARE NOT PREEMPTED ...........................................15

1. Plaintiffs adequately allege Logan's liability for fraud in the inducement, concealment and intentional deceit. ...........................................17

2. The complaint alleges a claim against LSW for conversion ...........................................19

IV. CONCLUSION ..........................................................................................................20


WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811 (9th Cir. 2001) ....................14, 15

*Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388 (9th Cir. 1988) ....................16

*AmerisourceBergen Corp. v. Dialysist West, Inc.* 465 F.3d 946 (9th Cir. 2006) ....................7

*In re Apple & AT & TM Antitrust Litigation*, 596 F.Supp.2d 1288 (N.D. Cal. 2008) ....................16

*Arizona State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715 (9th Cir. 1997) ....................14, 15

*Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696 (9th Cir. 1988) ....................6

*Barker v. Riverside County Office of Educ.*, 584 F.3d 821 (9th Cir. 2009) ....................7

*Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001) ....................16

*Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999) ....................7

*Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316 (1997)....................13, 14

*Concha v. London*, 62 F.3d 1493 (9th Cir. 1995), *cert. dismissed*, 517 U.S. 1183 (1996)....................14

*Falk v. General Motors*, 496 F.Supp.2d 1088 (N.D. Cal. 2007) ....................16

*Gilligan v. Jamco Development Corp.*, 108 F.3d 246 (9th Cir. 1997) ....................7

*Golden Gate Rest. Ass'n v. City & County of San Francisco*, 546 F.3d 639 (9th Cir. 2008) ....................14

*Huntair, Inc. v. Gladstone*, 774 F.Supp.2d 1035 (N.D. Cal. 2011) ....................16

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

**TABLE OF AUTHORITIES (cont'd)**

*Ingersoll-Rand Co. v. McClendon*,
498 U.S. 133 (1990) .......... 14

*Levine v. Diamanthuset, Inc.*,
950 F.2d 1478 (9th Cir. 1991) .......... 7

*Meyer V. Berkshire Life Ins. Co.*,
250 F.Supp 2d 544 (D. Md. 2003) .......... 10

*Mienhardt v. Unisys Corp. (In re Unisys Sav. Plan Litig.)*,
74 F.3d 420 (3d Cir. 1996) .......... 10

*Neubronner v. Milken*,
6 F.3d 666 (9th Cir. 1993) .......... 16

*New York Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*,
514 U.S. 645 (1995) .......... 14

*NL Industries, Inc. v. Kaplan*,
792 F.2d 896 (9th Cir. 1986) .......... 7

*Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contr. Co.*,
135 F.3d 671 (9th Cir. 1998) .......... 14

*Parks Sch. of Business v. Symington*,
51 F.3d 1480 (9th Cir. 1995) .......... 6

*Paulsen v. CNF Inc.*,
559 F.3d 1061, 1081-1082 (9th Cir. 2009 .......... 14, 15

*Russell v. Landrieu*,
621 F.2d 1037 (9th Cir.1980) .......... 7

*Semegen v. Weidner*,
780 F.2d 727 (9th Cir. 1985) .......... 16

*UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*,
117 F.Supp.3d 1092 (C.D.Cal. 2015) .......... 16

*Van Buskirk v. Cable News Network, Inc.*,
284 F.3d 977 (9th Cir. 2002) .......... 7

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) .......... 16

*Washington v. Baenziger*,
673 F.Supp. 1478 (N.D. Cal. 1987) .......... 16, 17

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

## TABLE OF AUTHORITIES (cont'd)

### Federal Statutes

29 U.S.C. § 1113 et seq. .......... 12

29 USCS §§ 1101 et seq. .......... 12

Employee Retirement Income Security Act of 1974 ("ERISA") .......... *passim*

ERISA §§ 3(14)(A)-(B), 29 U.S.C. §§ 1002(14)(A)-(B) .......... 11

ERISA § 3(21), 29 U.S.C. § 1002(21) .......... 8

ERISA § 404, 29 U.S.C. § 1104 .......... 4, 9

ERISA §§ 404(a)(1)(A)-(B), 29 U.S.C. §§ 1104 (a)(1)(A)-(B) .......... 10

ERISA § 406, 29 U.S.C. § 1106 .......... 4, 11

ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D) .......... 11

ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1) .......... 11, 12

ERISA § 514(a), 29 U.S.C. § 1144(a) .......... 13

### State Statutes

California Civil Code §§ 1549 and 1550 .......... 4

### Rules

Federal Rule of Civil Procedure 9(b) .......... 4, 16, 17

Federal Rule of Civil Procedure 12(b)(6) .......... 6

Federal Rule of Civil Procedure 15(a)(2) .......... 7

### Other Authorities

H.R. Conf. Rep. No. 1280, 93d Cong., 2d Sess. (1974) .......... 10

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

## I. INTRODUCTION

Defendant Kevin Logan ("Logan") moves to dismiss multiple claims for relief set forth in Plaintiffs' complaint. Logan claims that he is not a "fiduciary" as defined under the Employee Retirement Income Security Act of 1974 ("ERISA") and that he is not liable to Plaintiffs because he is allegedly a "Soliciting Agent" for Defendant Life Insurance Company of the Southwest ("LSW").

Logan fails to submit an originally drafted motion to this Court for review and, instead, piggy backs onto the motion to dismiss filed by LSW. As a result, the arguments Logan is making in his "motion" are not clear. It appears that Logan's motion seeks to dismiss the following ERISA causes of action:

- Fifth (incorrectly named fourth) claim for relief alleging that Logan breached the fiduciary duties he owes to Plaintiffs pursuant to ERISA § 404, 29 U.S.C. § 1104.
- Sixth (incorrectly named fifth) claim for relief alleging that Logan engaged in prohibited transactions in violation of ERISA § 406, 29 U.S.C. § 1106.

It also appears that Logan seeks to dismiss the state law claims set forth in the eighth (incorrectly named seventh), and ninth (incorrectly named eighth) causes of action on the basis that these claims are preempted by ERISA and fail to state a claim against him for violations of state laws concerning conversion and fraud (including fraudulent concealment and negligent misrepresentation), because they have not been alleged according to the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

Notably, Logan's motion does not address Plaintiffs seventh (incorrectly named sixth) claim for relief which alleges that he (along with other defendants) is liable to Plaintiffs for a breach of contract in violation of sections 1549 and 1550 of the California Civil Code.

As explained below, Plaintiffs have sufficiently alleged all violations of ERISA and state law claims as required under Rule 9(b) and Plaintiffs' state law claims are not preempted by ERISA. As such, Logan's motion must be denied in its entirety. Should the Court conclude otherwise, Plaintiffs respectfully request leave be granted to amend the complaint.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

## II. ALLEGATIONS OF THE COMPLAINT

### A. SUMMARY OF FACTS

Defendants Child Care Community Council of Santa Clara County, Inc. ("4Cs") is an employer in Santa Clara County. ECF 1, Comp., ¶ 8. Plaintiffs and the putative class are current or former employees of 4Cs. *Id.*, ¶¶ 4-6. Beginning in approximately 1987, 4Cs began offering pension benefits to its employees ("4Cs Plans"). *Id.*, ¶ 10. At a time unknown, but prior to 2003, Kevin Logan ("Logan") began providing services to the 4Cs Plans and, in so doing, he engaged in various fiduciary acts including the provision of investment advice and administering the 4Cs Plans at the direction of 4Cs and its Board of Trustees ("Board"). *Id.*, ¶¶ 14-15, 32. The named Plaintiffs and members of the putative class are eligible to participate and vested in the 4Cs Plans. *Id.*, ¶¶ 26-28, 37.

At a time unknown, but prior to 2003, 4Cs and its Board began converting Plaintiffs' vested retirement account balances into life annuity contracts underwritten and sold by Defendant Life Insurance Company of the Southwest ("LSW"). ECF 1, ¶ 32. 4Cs management personnel circulated enrollment applications for the 4Cs Plans, which Plaintiffs and putative class members signed. *Id.*, ¶ 34-35. These applications were also signed by Logan. ECF 69, Request for Judicial Notice ("RJN"), Ex. A-C.

At the time Plaintiffs signed these applications, neither 4Cs or Logan informed Plaintiffs and the putative class members that they were signing binding agreements to enter into life annuity contracts, which were highly restricted and financially imprudent. *Id.*, ¶ 37. 4Cs and LSW never provided any information to Plaintiffs or the putative class regarding their purported "retirement plans" or the restrictions on the life annuity contracts. *Id.*, ¶¶ 32-37, 41-43. In addition, on July 19, 2013, Logan made a presentation to the 4Cs Board of Trustees, wherein he persuaded the Board to begin making "15% elective contributions" into the 4Cs Plans, and to contribute $200,000.00 to the 4Cs Non-Qualified Deferred Compensation Plan. *Id.*, ¶ 39. Acting upon advice provided by Logan, 4Cs transferred contributions that should have been applied to the individual life annuity contracts to a sham life annuity contract held by Defendants LSW under the fictitious name of Angela Mccraw. *Id.*, ¶ 39.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

**B. STATE LAW CAUSES OF ACTION**

In addition to asserting a number of claims arising under ERISA, Plaintiffs assert three claims for relief against Logan which arise under California state law. ECF 1, ¶ 120-131. The seventh (incorrectly labeled sixth) claim for relief alleges that Defendants 4Cs Board of Trustees, by and through the conduct of Logan (and other Defendants) entered into written contracts with Plaintiffs and members of the putative class, whereby the Plaintiffs would receive a retirement benefit consisting of employer contributions, provided that Plaintiffs worked for 4Cs for at least one year. *Id*., ¶ 112. Plaintiffs allege that they performed their obligations and that these contracts were breached when a portion of the employer contributions paid by 4Cs were paid to Logan (and other Defendants). *Id*., ¶ 114. Logan's motion to dismiss does not address this cause of action.

The eight (incorrectly labeled seventh) claim for relief alleges that Logan (along with other defendants) engaged in acts of deceit by encouraging Plaintiffs to sign the life annuity contracts by leading them to believe that they were merely applications for participation in the 4Cs Plans. *Id*., ¶ 121. Based on the conduct of Logan (and his co-Defendants), Plaintiffs allege that all defendants participated in a course of conduct designed to mislead and either negligently or intentionally conceal the true nature of the life annuities. *Id*., ¶¶ 122, 124-125.

The ninth (incorrectly labeled eighth) claim for relief for conversion alleges, among other wrongs, that Logan (and other defendants) have exercised, and continue to exercise unlawful control and dominion over an identifiable sum of money paid into the 4Cs Plans by enforcing legal interests he has in receiving compensation and commissions from the 4Cs Plans. *Id*., ¶¶ 123, 127.

**III. <u>ARGUMENT</u>**

**A. THE STANDARD ON RULE 12 MOTIONS**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. See *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). The issue

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

on a motion to dismiss under 12(b)(6) is not whether the plaintiffs will ultimately prevail but whether the plaintiffs are entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

In evaluating the motion, the Court looks only to the face of the complaint to determine whether there are defects. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). In addition to the complaint, a Court may consider documents referenced by a complaint and accepted by all parties as authentic. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The complaint is construed in the light most favorable to the plaintiff, *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir.1980), and the Court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give" leave to amend "when justice so requires." The Ninth Circuit has long recognized that "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' See *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *Id.*, at 758." *AmerisourceBergen Corp. v. Dialysist West, Inc.* 465 F.3d 946, 951 (9th Cir. 2006). None of the factors for denying leave to amend are present in this action.

**B. LOGAN'S MOTION MUST BE DISMISSED BECAUSE HE IS A QUINTESSENTIAL ERISA FIDUCIARY.**

Logan attempts to sheepishly hide behind LSW's motion to dismiss, and arguing that he is merely a "Soliciting Agent" of LSW and "is not a proper defendant' because he had no discretionary authority to choose investment vehicles for plaintiffs." ECF 98, Mot., 7:9-17. Indeed, Logan claims that he is "[E]ven more removed from the role of fiduciary [than] the third-party issuer of the LSW Annuities," ECF 98, Mot., 8:13-15.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

Logan is mistaken about his status as a fiduciary. A fiduciary is:

> "[A] person [who, ]with respect to a plan. . . exercises ***any*** discretionary authority or discretionary control respecting ***management of such plan*** or exercises any authority or control respecting management or ***disposition of its assets*** . . . ***renders investment advice for a fee*** or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or . . .has any discretionary authority or discretionary ***responsibility in the administration of such plan***.

ERISA § 3(21), 29 U.S.C 1002(21) (emphasis added).

Plaintiffs' complaint sets forth the following allegations that, when accepted as true, make Mr. Logan the quintessential example of an ERISA fiduciary:

1. "At a time unknown prior to March 2003, Defendants Logan Group Securities and Logan began providing various services to the 4Cs Plans including, but not limited to investment advisory and consulting services. . ." ECF 1, Comp., ¶32.

2. "On July 18, 2013 Defendants Logan Group Securities and Logan made a presentation to the 4Cs Board of Trustees, wherein they persuaded the 4Cs Board of Trustees to make 15% elective contributions to the 4Cs Profit Sharing Plan, and contribute $200,000.00 to the 4Cs Non-Qualified Deferred Compensation Plan. . ." *Id*., at ¶ 39.

3. "In or about January 2015, Plaintiff Rasche . . . contacted [Logan][1] to inquire about the employer contributions that had been made into the 4Cs Plans on his behalf. Plaintiff Rasche was informed by [Logan] that his retirement benefit consisted of a 'life annuity' and that he could not roll-over money from his 'retirement account' into another tax qualified plan without incurring substantial penalties." *Id*., at ¶ 41.

Through these acts, Logan ("DBA" Logan Group Securities) provided specific ***investment advice*** to the 4Cs Board of Trustees on how to ***manage*** and ***administer*** the 4Cs Plans (i.e. when to make contributions into the plans, and the percentage of elective employer contributions). *Id*., at ¶¶ 32, 29. He also provided direct advice to 4Cs employees concerning the rules by which the 4Cs Plans are ***managed*** and ***administered*** (e.g. he informed Plaintiff Rasche that he could not roll-over his retirement account into another tax qualified plan). *Id*., at ¶41. Plaintiffs have also

[1] Plaintiff Rasche contacted a representative from Logan Group Securities. In light of Logan's assertion that he is "doing business as" Logan Group Securities, this allegation pertains to Logan as an individual.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

learned (through LSW's request for judicial notice) that Logan personally executed various life annuity contracts. ECF 69, Ex. A-C. These actions are in addition to, and separate from the other activities alleged in Plaintiffs' Complaint.

Logan's attempt to hide behind LSW's motion to dismiss must be denied. Plaintiffs have adequately alleged that he is a fiduciary with respect to the 4Cs Plans because he "has exercised and continues to exercise discretionary authority and control" with respect to the 4Cs Plans, particularly as it relates to the "administration of, management and disposition of the assets held in each of the 4Cs Plans." *Id.*, at ¶¶ 14, 15.

### C. THE COMPLAINT STATES A CLAIM AGAINST KEVIN LOGAN FOR A BREACH OF FIDUCIARY PRUDENCE (ERISA § 404, 29 U.S.C. § 1104)

Logan's bracketed "argument" in his "motion" consciously ignores the many factual allegations Plaintiffs have made against him, as summarized above. Thus, it is entirely disingenuous for Logan to claim that Plaintiffs have made "general, unsupported, allegations that Logan 'exercised and continues to exercise discretionary authority and responsibility in the administration' of the 4Cs Plans." ECF 98, Mot., 2:22-27.

Logan's motion should be denied as to the sixth (incorrectly named fifth) claim for relief because, as alleged in the Complaint, Logan is a fiduciary for the many reasons stated above. He took calls from participants, such as Plaintiff Rasche, and informed them how the 4Cs Plans are effectively "managed" (i.e., that certain rollovers are not permitted under the management of the 4Cs Plans). Logan advised the 4Cs Board of Trustees on the "disposition of assets" (i.e., that the 4Cs Board of Trustees should make 15% contributions to the Plans, and pay $200,000 into the "non-qualified" plan) and, in so doing, he provided "investment advice for a fee."

As a fiduciary, Logan must:

> "discharge his duties . . .for the exclusive purpose of: . . .(ii) defraying reasonable expenses of administering the plan; [and] with the ***care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man*** acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

ERISA §§ 404(a)(1)(A)-(B), 29 U.S.C. §§ 1104 (a)(1)(A)-(B) (emphasis added). As a fiduciary, Logan (whether acting alone, or as a "Soliciting Agent" of LSW) is responsible for ensuring that the annuities are managed in a way that ensures proper diversification so as to maximize investment earnings for participants, as was clearly the intent of Congress in enacting ERISA:

> "[A] fiduciary usually should not invest the whole or an unreasonably large proportion of the trust property in a single security. Ordinarily the fiduciary should not invest the whole or an unduly large proportion of the trust property in one type of security or in various types of securities dependent upon the success of one enterprise or upon conditions in one locality since the effect is to increase the risk of large losses."

H.R. Conf. Rep. No. 1280, 93d Cong., 2d Sess. (1974), reprinted in 1974 U.S. Code Cong. & Admin. News 5038, 5085.

The annuities sold to 4Cs do not appear to be directly invested in securities. However, Logan (whether acting alone, or as a "Soliciting Agent" of LSW) failed to evaluate whether or not the interest accrual method associated with these annuities (which is based on the performance of the S&P 500 index) was appropriate for 4Cs employees. *Mienhardt v. Unisys Corp. (In re Unisys Sav. Plan Litig.*, 74 F.3d 420, 434 (3d Cir. 1996) ("[The] prudence requirement is flexible, such that the adequacy of a fiduciary's independent investigation and ultimate investment selection is evaluated in light of the "'character and aims'" of the particular type of plan he serves). Accruing interest based solely on a single investment index may be too conservative, or too risky, depending on the needs of the 4Cs Plan participants. Logan did not investigate these annuities to determine if they were appropriate for the 4Cs Plan participants. *Meyer V. Berkshire Life Ins. Co.*, 250 F.Supp 2d 544, 565 (D. Md. 2003) (Investment fiduciary violated "prudent man" standard of care by investing 90% or more of the plans' assets in a single, conservative investment strategy that was not appropriate for Plaintiffs).

The Complaint adequately alleges that Logan breached the fiduciary duty of prudence he owes to Plaintiffs when he failed to engage in due diligence to determine the appropriateness of the LSW life annuity contracts. His failure has severely limited the ability of 4Cs Plan

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

participants to maximize interest earnings on the 4Cs employer contributions, leaving them with insufficient resources to support them in retirement.

Plaintiffs have adequately alleged that Logan is a fiduciary, that he breached is duty of prudence, and his motion must be denied as to this claim for relief.

**D. THE COMPLAINT STATES A CLAIM AGAINST KEVIN LOGAN FOR A BREACH OF FIDUCIARY DUTY BY ENGAGING IN PROHIBITED TRANSACTIONS (ERISA § 406, 29 U.S.C. § 1106)**

ERISA prohibits any fiduciary from engaging in a transaction ". . .if he knows or should know that such transaction constitutes a direct or indirect . . .transfer to, or use by or for the benefit of a party in interest, of any assets of the plan." ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D). A "party in interest" is defined as "(A) any fiduciary (including, but not limited to, any administrator . . .) [and] (B) a person ***providing services*** to such plan." ERISA §§ 3(14)(A)-(B), 29 U.S.C. §§ 1002(14)(A)-(B) (emphasis added). A fiduciary of an ERISA plan shall not "deal with assets of the plan in his own interest or for his own account." ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

As alleged in the Complaint, Logan provided a myriad of services to the 4Cs Plans by providing advice to the Board of Trustees, fielding calls from plan participants, etc. ECF 1, ¶¶ 32, 39, 41. Through the provision of these services, and through his role as a fiduciary, he is "party in interest" with respect to the 4Cs Plans, and he cannot "deal with assets of the plan in his own interest."

Plaintiffs' complaint alleges that, upon acting as a Broker (aka "Soliciting Agent") of LSW, he has received "commissions and/or other compensation" paid out of the assets of the 4Cs Plans. ECF 1, Comp., ¶ 104. Thus Plaintiffs have adequately alleged that Logan has engaged in one or more prohibited transactions as defined by ERISA § 406(b)(1), 29 U.S.C. § § 1106(b)(1).

Logan's motion must be denied as to this claim for relief.

///

///

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

**E. PLAINTIFFS' CLAIMS ARE NOT TIME BARRED BY EITHER THE ERISA SIX-YEAR STATUTE OF REPOSE, OR THE THREE-YEAR STATUTE OF LIMITATIONS.**

No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part [29 USCS §§ 1101 et seq.], or with respect to a violation of this part [29 USCS §§ 1101 et seq.], after the earlier of—

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 et seq. The events that give rise to Plaintiffs complaint occurred between 2015 and 2017, which fall well within either of the statutes of limitations set forth in ERISA.

The statute of limitations began to accrue as to Plaintiff Rasche in 2015 when he learned from Logan that he could not roll-over his annuity account balance into any other tax-qualified retirement account. ECF 1, Comp., ¶ 41. This restriction is not stated anywhere in the documents he allegedly signed in 2003, ECF 69, Ex. C, nor was any such information provided to him prior to 2015.

The statute of limitations began to accrue with respect to Plaintiff Del Castillo because he did not learn until August 16, 2017, that he was required to use any withdrawals from his annuity account to ***only*** purchase other annuity products sold exclusively by Defendant LSW. ECF 1, Comp., ¶ 42. This restriction is not stated anywhere in the documents he allegedly signed in 2003,ECF 69, Ex. A. Logan (LSW's "Soliciting Agent") did not provide this information to Del Castillo prior to August 16, 2017.

Logan's "bracketed arguments" appear to claim that Plaintiffs' complaint is barred by ERISA's six-year statute of repose merely because Plaintiffs signed annuity applications in 2003.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

ECF 68, Mtn. at 20:23-24. This argument rests on a misreading of the Complaint. The statute of limitations began to run on Plaintiff Rasche's and Del Castillo's claims in 2015 and 2017, respectively. No restrictions on their access to these accounts had previously been disclosed to them, either in the 2003 annuity summaries, or in any other manner. Logan's "motion" must be dismissed as the complaint clearly asserts timely claims under the ERISA statute of limitations.

**F. THE STATE LAW CLAIMS ARE NOT PREEMPTED**

Logan's "motion" offers nothing new to LSW's claim that Plaintiffs' state law causes of action are preempted. He merely argues that LSW's analysis is "equally applicable" to him. Plaintiffs submit that such conclusory statements are a waste of the Court's precious time and resources, as they fail to offer any true insight as to why Logan believes the state law claims against him should be dismissed. For this reason alone, Plaintiffs ask this court to dismiss Logan's motion with respect to all of the state law claims set forth in the Complaint.

To the extent the Court disagrees with Plaintiffs on this point, Plaintiffs hereby reassert the same arguments set forth in their opposition to LSW's Motion to Dismiss, tailored to address Logan's actions with respect to the 4Cs Plans.

ERISA's express preemption clause provides that ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA, with certain exceptions that are not relevant in this action. *See* ERISA § 514(a), 29 U.S.C. § 1144(a). "The Supreme Court has criticized the 'unhelpful text' of this ERISA preemption provision, *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997), and [the Ninth Circuit has] similarly remarked that the 'relate to' language has been the source of great confusion and multiple and slightly differing analyses. *Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 819 (9th Cir. 2001), *cert denied*, 535 U.S. 1015 *and* 537 U.S. 1071 (2002)." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1081-1082 (9th Cir. 2009). A law relates to an employee benefit plan if it has either a "connection with" or "reference to" such a plan. *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). This is a two-part inquiry. *Dillingham*, 519 U.S. at 324.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

There are limits to ERISA's "unusually broad preemptive sweep." *Concha v. London*, 62 F.3d 1493, 1505 (9th Cir. 1995), *cert. dismissed*, 517 U.S. 1183 (1996). ERISA intended to preempt state law claims that:

> (1) mandate employee benefit structures or their administration;
>
> (2) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself; and
>
> (3) provide alternate enforcement mechanisms for employees to obtain ERISA plan benefits.

*Arizona State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 723 (9th Cir. 1997), citing, inter alia, *New York Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658 (1995).

Under the "reference to" preemption inquiry, the question is whether: (1) the law "acts immediately and exclusively upon ERISA plans," or (2) "the existence of ERISA plans is essential to the law's operation." *Dillingham*, 519 U.S. at 325; *Golden Gate Rest. Ass'n v. City & County of San Francisco*, 546 F.3d 639, 657 (9th Cir. 2008) (quoting *Dillingham*). The Ninth Circuit found the "reference to" preemption inquiry to be an "enlightening" and "simplified test"––"Is the state telling employers how to write their ERISA plans, or conditioning some requirement on how they write their ERISA plans? Or is it telling them that regardless of how they write their ERISA plans, they must do something else outside and independently of the ERISA plans? If the latter ... there is no preemption." *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contr. Co.*, 135 F.3d 671, 679 (9th Cir. 1998).

The State law claims are being applied in conjunction with Plaintiffs' ERISA claims, the breach of contract, fraud, and conversion claims do not act "immediately and exclusively" on ERISA plans, nor is the existence of a plan essential to the operation of these state laws. Nothing in the claims for breach of contract, fraud, or conversion are telling employers how to write their plan, or impose any requirement on how plans are written. Instead, these general laws impose independent obligations outside of the 4Cs Plans, i.e., the obligation to perform contractual

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

promises, and the obligation to truthfully represent facts. As such, the state law claims are not preempted under the "reference to" prong of the preemption inquiry. *See, e.g.*, *Paulsen*, 559 F.3d at 1082 (professional negligence claims not preempted under "reference to" prong); *Citibank*, 125 F.3d at 724, n. 4 and *Abraham*, 265 F.3d at 820 (no preemption of state law negligence claims under "refers to" prong).

The state law claims do not fall within ERISA's preemptive net under the "relationship" test. None of the state laws asserted by Plaintiffs regulate the types of benefits offered under the 4Cs Plans, nor do any require the establishment of a separate employee benefit plan to comply with the law. Clearly, the breach of contract, fraud, and conversion claims do not impose any reporting, disclosure, funding, or vesting requirements for the 4Cs Plans, and none regulate the relationship between the 4Cs Plans and 4Cs, or between 4Cs and its employees.

**1. <u>Plaintiffs adequately allege Logan's liability for fraud in the inducement, concealment and intentional deceit.</u>**

Logan's motion appears to argue that he is not liable for fraud in the inducement, concealment and intentional deceit because the Plaintiffs signed annuity contracts which allegedly made them aware of the material restrictions by LSW. ECF 98, Mot., 3:3-11. Logan's motion must be denied as to this claim because Plaintiffs have adequately alleged that Logan misrepresented information about, and omitted information from the annuity contracts he presented to Plaintiffs.

Several cases hold that allegations regarding the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation are required to satisfy Rule 9(b)'s requirements, *see, e.g. Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392-1393 (9th Cir. 1988); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). However, it is equally well-established that the requirements of Rule 9(b) are satisfied when the allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.*, 317 F.3d at 1106; *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001); *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). "A

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993).

Where, as here, fraudulent omissions are at issue, "the requirements of Rule 9(b) are relaxed, but not eliminated." *UMG Recordings, Inc. v. Global Eagle Entertainment, Inc.*, 117 F.Supp.3d 1092, 1106-1107 (C.D. Cal. 2015) , citing, *inter alia Huntair, Inc. v. Gladstone*, 774 F.Supp.2d 1035, 1044 (N.D. Cal. 2011) (the Rule 9(b) standard is somewhat relaxed when a claim rests on an alleged fraudulent omission because "a plaintiff cannot plead either the specific time of [an] omission or the place, as he is not alleging an act, but a failure to act"); *In re Apple & AT & TM Antitrust Litigation*, 596 F.Supp.2d 1288, 1310 (N.D. Cal. 2008) ("Where the claim is one of fraud by omission … , the pleading standard is lowered on account of the reduced ability in an omission suit 'to specify the time, place, and specific content' relative to a claim involving affirmative misrepresentations"). A fraud by omission claim can succeed without the same level of specificity required by a normal fraud claim. *Falk v. General Motors*, 496 F.Supp.2d 1088, 1098 (N.D. Cal. 2007); *Washington v. Baenziger*, 673 F.Supp. 1478, 1482 (N.D. Cal. 1987) ("Where the fraud consists of omissions on the part of the defendants, the plaintiff may find alternative ways to plead the particular circumstances of the fraud.")

Plaintiffs have alleged that Logan fraudulently concealed from Plaintiffs the actual interest earnings on these life annuity contracts for the first year, and failed to inform Plaintiffs of the total fees they would incur if they withdrew their accrued balances within the first 12 years. ECF 1, Comp., ¶ 122. Logan (as a "Soliciting Agent" of LSW) failed to inform Plaintiffs that they are prohibited from using cash proceeds from the annuity accounts for any purpose other than the purchase of other products from LSW. *Id.*, at ¶ 42. These actions by Logan (and other Defendants) were actions of fraudulent "omission" which means Plaintiffs are not required to plead the date they occurred. *Washington*, 673 F.Supp. at 1482. The Complaint meets the Rule 9(b) standards and adequately asserts a claim for fraud. Logan's motion must be denied as to the fraud claim.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

**2. <u>The complaint alleges a claim against LSW for conversion</u>**

Logan appears to argue that the Complaint fails to allege conversion because Plaintiffs: (1) consented to monthly payments, and consented to withdrawal fees and related restrictions, and (2) fail to identify a specific, identifiable sums of money over which LSW exercises unlawful dominion and control. ECF 68, Mtn. at 32:11-13, 32:24-26.

Plaintiffs never agreed to any "related restrictions" as referenced in Logan's motion. Plaintiffs certainly did not agree to the type of restrictions that Logan failed to communicate to Plaintiffs Del Castillo and Rasche (i.e., that any cash withdrawn from the annuities must be used to purchase another product sold by LSW). ECF 1, Comp., ¶¶ 41, 42. The act of forcing Plaintiffs to purchase other products from LSW, or risk complete forfeiture of their retirement income, is clearly an act of dominion which Logan does not address in his motion.

The Complaint clearly alleges that these annuities are ". . .binding contracts where under ***each employee*** participant unknowingly agreed to convert each of their vested retirement account balances into ***a highly restricted and financially imprudent life annuity."*** ECF 1, Comp., ¶ 37, emphasis added. The phrase "each employee" refers to the individual accounts held at LSW on behalf of "each employee" and that each account is separately accounted for and maintained. This understanding is also established in the materials attached as exhibits to LSW's request for judicial notice. Those materials state:

> "Each premium payment is placed ***in the Premium Account*** on the day received. The Premium Account is credited with interest to the next 21st of a calendar month . . . ***Then we transfer***, on the 21st of each calendar month, all amounts in the Premium Account ***to new Interest Accounts.*** ***<u>We maintain each Interest Account separately</u>.***"

ECF 69, Ex. A "SecurePlus Platinum Accumulation Value" (emphasis added). Logan was directly responsible for providing Plaintiffs with information about these life annuities (an act endemic of a "Soliciting Agent"). Logan should be fully aware of the above statements made by LSW and, as a result, his claim that there is no traceable or identifiable "res" is clearly

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344

disingenuous. Plaintiffs have adequately alleged a claim for conversion and Logan's motion must be denied as to this claim for relief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Logan's motion to dismiss in its entirety. In the event the motion is granted, either in whole or in part, Plaintiffs respectfully request leave to amend.

Dated: March 23, 2018

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: */s/ Adam Thomas*
WILLIAM A. SOKOL
ROBERTA D. PERKINS
ADAM THOMAS

Attorneys for Plaintiff MARIO DEL CASTILLO, PUTHEA CHEA, and MICHAEL RASCHE, on behalf of themselves and others similarly situated

140933\960644

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
(213) 380-2344