WILLIAM A. SOKOL, Bar No. 072740
ROBERTA D. PERKINS, Bar No. 153074
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
Telephone:    (510) 337-1001
Fax:    (510) 337-1023

CAITLIN E. GRAY, Bar No. 305118
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
800 Wilshire Blvd, Suite 1320
Los Angeles, California 90017
Telephone:    (213) 380-2344
Fax:    (213) 443-5098

E-Mail:  courtnotices@unioncounsel.net
         bsokol@unioncounsel.net
         rperkins@unioncounsel.net
         cgray@unioncounsel.net

Attorneys for Plaintiffs MARIO DEL CASTILLO,
PUTHEA CHEA, MICHAEL RASCHE and JAVIER CARDOZA
and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO DEL CASTILLO, PUTHEA CHEA, MICHAEL RASCHE and JAVIER CARDOZA, on behalf of themselves and others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>COMMUNITY CHILD CARE COUNCIL OF SANTA CLARA COUNTY, INC., et. al;<br><br>                    Defendants. | Case No. 5:17-cv-07243-BLF<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:        October 14, 2021<br>Time:        9:00 a.m.<br>Courtroom: 3<br>Judge:       Hon. Beth Labson Freeman<br><br>Complaint Filed: December 21, 2017 |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 5:17-cv-07243-BLF

# TABLE OF CONTENTS

**PAGE**

NOTICE OF MOTION AND MOTION ..................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................2

I.     INTRODUCTION ......................................................................................2

II.    BACKGROUND .........................................................................................3

III.   CLASS NOTICE AND ADMINISTRATION ............................................4

IV.    ARGUMENT ...............................................................................................4

       A.    FINAL APPROVAL OF THE SETTLEMENT CLASS IS
             APPROPRIATE...................................................................................4

             1.  The Rule 23(a) Requirements are Satisfied..............................5

             2.  The Rule 23(b)(3) Predominance and Superiority
                 Requirement is Satisfied.........................................................8

       B.    CLASS NOTICE WAS REASONABLE AND ADEQUATE................9

       C.    THE SETTLEMENT IS FAIR, REASONABLE AND
             ADEQUATE AND SHOULD BE FINALLY APPROVED................10

             1.  There are Substantial Risks Associated with Further
                 Litigation ...............................................................................10

             2.  The Settlement Provides Monetary and Non-Monetary Value
                 to Class Members ...................................................................11

             3.  The Settlement is the Product of Plaintiffs' Investigation and
                 a Full Day Mediation..............................................................12

             4.  The Settlement has no Obvious Deficiencies..........................13

             5.  Class Counsel's Experience and Class Member Response
                 Weigh in Favor of Final Approval ........................................13

             6.  The Settlement Process is Convenient and Efficient..............14

             7.  The Requested Attorneys' Fees and Expenses are Reasonable .......14

             8.  The Settlement Benefits all Class Members............................14

V.     CONCLUSION..........................................................................................15

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1

## **<u>TABLE OF AUTHORITIES</u>**

2

**<u>PAGE(S)</u>**

3

**Federal Cases**

4

*Acosta v. Trans Union, LLC,*
5
    243 F.R.D. 377 (C.D. Cal. 2007) ............................................................................12

6

*Allen v. Bedolla,*
    787 F.3d 1218 (9th Cir. 2015) ...............................................................................10
7

8

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997)...................................................................................................5

9

*Bond v. Ferguson Enterprises, Inc.,*
10
    No. 1:09-CV-01662, 2011 WL 284962 (E.D. Cal. Jan. 25, 2011) ........................13

11

*Boyd v. Bechtel Corp.,*
    485 F.Supp. 610 (N.D.Cal.1979) ..........................................................................12
12

13

*Churchill Village, L.L.C. v. General Elec. Co.,*
    361 F.3d 566 (9th Cir. 2004) .................................................................................13

14

*Cotter v. Lyft, Inc.,*
15
    193 F.Supp.3d 1030 (N.D. Cal. 2016) ...............................................................3, 10

16

*Custom LED LLC v. eBay, Inc.,*
    No. 12-CV-00350-JST, 2013 WL 6114379 (N.D. Cal. Nov. 20, 2013)................13
17

18

*Deaver v. Compass Bank,*
    No. 13-CV-00222-JSC, 2015 WL 4999953 (N.D. Cal. Aug. 21, 2015).......................*passim*

19

*Deaver v. Compass Bank,*
20
    No. 13-CV-00222-JSC, 2015 WL 8526982 (N.D. Cal. Dec. 11, 2015) .................11

21

*Estrella v. Freedom Fin'l Network,*
    No. C 09-03156 SI, 2010 WL 2231790 (N.D. Cal. June 2, 2010)...........................6
22

23

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998), *overruled on other grounds by Dukes,* 564 U.S. .......6, 7, 8, 10

24

*Hanon v. Dataproducts Corp.,*
25
    976 F.2d 497 (9th Cir. 1992) ...................................................................................6

26

*Harris v. Vector Mktg. Corp.,*
    No. 08-cv-05198-EMC, 2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ....................15
27

28

*Harris v. Vector Mktg. Corp.,*
    No. C-08-5198 EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ....................12

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Hendricks v. StarKist Co.*,
    No. 13-CV-00729-HSG, 2015 WL 4498083 (N.D. Cal. July 23, 2015) ................................14

*In re High-Tech Employee Antitrust Litig.*,
    No. 11-CV-02509-LHK, 2015 WL 5159441 (N.D. Cal. Sept. 2, 2015)................................11

*Krzesniak v. Cendant Corp.*,
    No. C 05-05156 MEJ, 2007 WL 1795703 (N.D. Cal. June 20, 2007)....................................5

*In re Linkedin User Priv. Litig.*,
    309 F.R.D. 573 (N.D. Cal. 2015)........................................................................................15

*Lozano v. AT&T Wireless Services, Inc.*,
    504 F.3d 718 (9th Cir. 2007) ................................................................................................7

*Mazur v. eBay Inc.*,
    257 F.R.D. 563 (N.D. Cal. 2009)..........................................................................................5

*Miller v. Ghirardelli Chocolate Co.*,
    No. 12-CV-04936-LB, 2015 WL 758094 (N.D. Cal. Feb. 20, 2015)................................10, 11

*Monterrubio v. Best Buy Stores, L.P.*,
    291 F.R.D. 443 (E.D. Cal. 2013) ........................................................................................11

*Nat'l Rural Telecomms Cooperative v. DIRECTV, Inc.*,
    221 F.R.D. at 523, 528 (C.D. Cal. 2004) 221 F.R.D. 523 ................................................. 13-14

*Nen Thio v. Genji, LLC*,
    14 F.Supp.3d 1324 (N.D. Cal. 2014) ..................................................................................13

*Noll v. eBay, Inc.*,
    309 F.R.D. 593 (N.D. Cal. 2015)..........................................................................................8

*Norris v. Mazzola*,
    2017 WL 6493091 (N.D. Cal. Dec. 19, 2017) ....................................................................10

*O'Connor v. Boeing N. Am., Inc.*,
    184 F.R.D. 311 (C.D. Cal. 1998) ..........................................................................................5

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ..............................................................................................11

*In re Omnivision Techs., Inc.*,
    559 F.Supp.2d 1036 (N.D. Cal. 2008) ................................................................................11

*Rannis v. Recchia*,
    380 F.App'x 646 (9th Cir. 2010) ..........................................................................................5

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010) ..............................................................................................7

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55ᵗʰ Street
Emeryville, CA 94608
(510) 337-1001

*Singer v. Becton Dickinson & Co.*,
    No. 08-cv-821-IEG (BLM) 2010 WL 2196104 (S.D. Cal. June 1, 2010) ...............................12

*In re Tableware Antitrust Litig.*,
    484 F.Supp.2d 1078 (N.D. Cal. 2007) ........................................................................10

*In re Toys-R-Us Del., Inc. FACTA Litig.*,
    295 F.R.D. 438 (C.D. Cal. 2014) ..............................................................................15

*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv.*
    *Workers Int'l Union, AFL–CIO v. ConocoPhillips Co.*,
    593 F.3d 802 (9th Cir. 2010) ......................................................................................5

*Vasquez v. Coast Valley Roofing, Inc.*,
    670 F.Supp.2d 1114 (E.D. Cal. 2009) ..........................................................................5

*Villanueva v. Morpho Detection, Inc.*,
    No. 13-CV-05390-HSG, 2016 WL 1070523 (N.D. Cal. Mar. 18, 2016) ...........................15

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ..................................................................................12

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ..................................................................................................6

**Federal Statutes**

ERISA ........................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12 ................................................................................................7

Fed. R. Civ. P. 23(a) .....................................................................................4, 5, 6

Fed. R. Civ. P. 23(a)(1) ........................................................................................5

Fed. R. Civ. P. 23(a)(3) ........................................................................................7

Fed. R. Civ. P. 23(a)(4) ........................................................................................7

Fed. R. Civ. P. 23(b)(3).................................................................................5, 8, 9

**Other Authorities**

*Lundell v. Dell, Inc.*,
    No. C05-3970..................................................................................................10

*Tijero v. Aaron Bros., Inc.*,
    No. C 10-01089..............................................................................................14

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on October 14, 2021, at 9:00 a.m. or as soon thereafter as may be heard before the Honorable Beth Labson Freeman in Courtroom 3, Fifth Floor, of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, Plaintiffs Mario Del Castillo, Puthea Chea, Michael Rasche, and Javier Cardoza, individually and on behalf of all others similarly situated, will move this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure for an Order:

1. Granting final approval of the Settlement Agreement between Plaintiffs and Defendants, dated January 13, 2021 as revised dated June 10, 2021, *see* ECF 273, on the grounds that its terms are sufficiently fair, reasonable, and adequate;

2. Finally determining that the Settlement Class, as defined in the Court's Preliminary Approval Order, ECF 274, and in the Settlement, satisfies the prerequisites for maintaining a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and certifying the Settlement Class; and

3. Approving Mario Del Castillo, Puthea Chea, Michael Rasche, and Javier Cardoza as Class Representatives; and

4. Appointing Weinberg, Roger & Rosenfeld as class counsel.

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; the declaration of counsel and declaration of the Settlement Administrator; filed concurrently herewith; all exhibits filed herewith; all other pleadings and papers filed in this action; and any argument or evidence that may be presented at the hearing in this matter.

Dated:  September 30, 2021

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:    WILLIAM A. SOKOL
       ROBERTA D. PERKINS
       CAITLIN E. GRAY

Attorneys for Plaintiffs and the Class

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 5:17-cv-07243-BLF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

On June 11, 2021, the Court granted preliminary approval of the proposed Settlement, provisionally certified the proposed class for settlement purposes, directed notice to the class, and scheduled a final approval hearing for October 14, 2021.  ECF 274.  Plaintiffs filed a Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments on August 13, 2021, ECF 275.  Since then, the reaction from class members has been unanimously in favor of the settlement—no class member has asked to be excluded and no class member has objected to the settlement.  Declaration of Norman Alcantara ("Alcantara Dec.") ¶ 8; Declaration of Caitlin Gray ("Gray Dec.") ¶ 5.  Simpluris, acting as the settlement administrator, reached the vast majority of class members, 336 out of 337.[1]  Alcantara Dec., ¶ 7.

As evidenced by the universal acceptance by the class members, the Settlement is fair, reasonable and adequate.  The Settlement represents a win for the participants in the 4Cs retirement plans.  Their accounts were transferred out of the restrictive LSW accounts, and participants now have information about and access to their retirement savings without the threat of having to pay surrender fees or being forced to maintain accounts with LSW.  Those participants who did pay surrender charges will be reimbursed, and the remaining class members will share in the settlement benefits.  Under the Settlement, the class receives $171,479.45, with requested enhancement payments of up to $5,000 each for the named Plaintiffs, in a non-reversionary fund for the class members.

Absent this settlement, the class would be faced with tremendous costs and risks of continued litigation, including the possibility of the LSW's motion to dismiss being granted and proceeding against an insolvent entity that no longer exists, Defendant Community Child Care Council of Santa Clara County, Inc.  The arms-length Settlement readily satisfies the standard for final approval—it is "fair, reasonable, and adequate" considering "the strength of the claims, the risks of litigating those claims all the way through, and the value of the relief each class member

---

[1]   In the motion for preliminary approval it was represented there were 145 putative class members.  That number more than doubled when 4Cs produced the class list.  Gray Dec., ¶ 3.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

1  will receive from the settlement." *Cotter v. Lyft, Inc.*, 193 F.Supp.3d 1030, 1037 (N.D. Cal.

2  2016).  Plaintiffs therefore request the Court grant final approval of the Settlement.

3  ## II.    BACKGROUND

4  The background of this case is detailed in Plaintiffs' motion for preliminary approval,

5  ECF 263.  In summary, Plaintiffs alleged that Defendants Community Child Care Council of

6  Santa Clara County, Inc. ("4Cs"), the Board of Directors of Community Child Care Council of

7  Santa Clara County, Inc., Ben Menor, Xiaoyan Xu, Clarance Madrilejos, James McDaniel,

8  Julienne La Fitte, Jaime Gallardo, and Faye Sears, in their official capacities as current and former

9  trustees, Alfredo Villasenor (collectively "4Cs Defendants") failed to abide by ERISA's

10  requirements to create and maintain documents in connection with the pension plans, and

11  improperly administered the 4Cs employee pension plans, in part by purchasing restrictive

12  annuity accounts from Defendant Life Insurance Company of the Southwest ("LSW"), which

13  prevented Plaintiffs and class members from accessing their vested benefits and resulted in the

14  payment of surrender fees.

15  Plaintiffs filed their motion for preliminary approval on March 1, 2021.  ECF 263.  The

16  Court conducted an initial preliminary approval hearing on April 22, 2021, during which issues

17  were raised by the Court that required the Parties to revise the original Class Action Settlement

18  Agreement, and the initial proposed Class Notice, and the proposed Order granting preliminary

19  approval.  Revised documents were submitted to the Court on May 27, 2021, ECF 269, and the

20  Court held a further hearing on June 3, 2021.  During that hearing an additional issue was raised

21  with respect to the Revised Settlement Agreement and Class Notice, which required further

22  amendment to the Revised Settlement Agreement and Revised Class Notice.  See ECF 273.  The

23  Court granted preliminary approval on June 11, 2021 and set a Final Fairness Hearing for October

24  14, 2021.  ECF 274.

25  ///

26  ///

27  ///

28  ///

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

3
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

## III.    CLASS NOTICE AND ADMINISTRATION

The Court approved the procedures set forth in the Settlement Agreement for providing notice to the class.[2]  The parties agreed that Simpluris would act as the Settlement Administrator, and Simpluris has efficiently and effectively provided notice to the class.  Simpluris located updated mailing addresses for notice packets that had been returned as undeliverable.  Mario Del Castillo, Plaintiffs' Union, and paralegals at Class Counsel's office assisted in locating mailing addresses for seven of the eight individuals whose notices were returned as undeliverable after Simpluris's efforts, resulting in notice being given to almost every class member.  Alcantara Dec., ¶ 7, Gray Dec., ¶ 6.  Simpluris prepared a calculation of the settlement distribution to each class member.  Class counsel received several telephone calls from class members to make sure they were included in the class, to provide updated addresses, and to thank Plaintiffs for their work. Gray Dec., ¶ 7.  Simpluris received no requests to opt out, Alcarata Dec., ¶ 8, and no objections to the settlement have been submitted to the Court.  Gray Dec., ¶ 4.  Neither Simpluris nor Class Counsel has received communications from any individual claiming to have been erroneously omitted from the class.  Gray Dec., ¶ 7.

## IV.    ARGUMENT

### A.    FINAL APPROVAL OF THE SETTLEMENT CLASS IS APPROPRIATE

A grant of final approval requires the Court to find the class meets the Rule 23(a) and (b) requirements for certification and that the proposed settlement is fair, reasonable and adequate.  In granting preliminary approval, the Court found the proposed class met the numerosity, commonality, typicality, adequacy, predominance and superiority requirements for class certification.  ECF 274, ¶ 4.  Other than an increase in the size of the class, no new facts have come to light that would alter the Court's preliminary approval, and there have been no objections to the Court's preliminary findings.  As such, the Court should approve its preliminary findings and certify the class.

---

[2]  The revisions to the Settlement Agreement did not change the notice provisions or the Administrator's duties.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs propose the Court certify the following class for settlement purposes:  "All current and former participants and beneficiaries of the Plans at any time during the period October 1, 1987 through and including December 31, 2019, excluding the Individual Defendants."  The proposed Settlement Class can be certified under Rule 23 if the prerequisites in Rule 23(a) and one of the three subdivisions of Rule 23(b) are satisfied.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997).

### 1.    <u>The Rule 23(a) Requirements are Satisfied</u>

"The four requirements of Rule 23(a) are commonly referred to as 'numerosity,' 'commonality,' 'typicality,' and 'adequacy of representation' (or just 'adequacy'), respectively." *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO v. ConocoPhillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010).  Each of these elements is satisfied.

### a.    **The Settlement Class is Sufficiently Numerous and Ascertainable**

The numerosity requirement mandates that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  In general, the numerosity requirement satisfied when a class includes at least 40 members. *Rannis v. Recchia*, 380 F.App'x 646, 650 (9th Cir. 2010); *Vasquez v. Coast Valley Roofing, Inc.*, 670 F.Supp.2d 1114, 1121 (E.D. Cal. 2009) (numerosity is presumed at a level of 40 members); *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 1795703, at *7 (N.D. Cal. June 20, 2007) ("numerosity may be presumed when the class comprises forty or more members").  In addition, the class should be "ascertainable," *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009), meaning that the class definition must be "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998).

Defendants initially represented there were approximately 145 members who fall within the proposed Class.  When the class list was produced to Simpluris, the number of eligible class

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55ᵗʰ Street
Emeryville, CA 94608
(510) 337-1001

5
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

members more than doubled to 377.  The Settlement Class is sufficiently numerous and ascertainable.

### b.    There are Common Issues of Law and Fact

Rule 23(a)(2) requires a plaintiff to "affirmatively demonstrate" the claims depend upon at least one common contention the truth or falsity of which "will resolve an issue that is central to the validity" of each one of the class members' "claims in one stroke."  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  Specifically, there must be at least one factual or legal question that will generate a common answer "apt to drive the resolution of the litigation."  *Id.*, *see also id.* at 359 ("even a single common question" will suffice to satisfy Rule 23(a)) (citation and internal modifications omitted).  The "commonality requirement has been 'construed permissively,' and its requirements deemed minimal."  *Estrella v. Freedom Fin'l Network*, No. C 09-03156 SI, 2010 WL 2231790 at *7 (N.D. Cal. June 2, 2010) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019-1020 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. at 338).

As the Court previously recognized, Defendants handling of the assets of the 4Cs pension plan violated ERISA.   Resolution of each Class Member's claim involves the common questions of whether the 4Cs Defendants complied with ERISA in the creation and subsequent administration of the Plan, including whether the acquisition of the LSW life annuity accounts was in compliance with ERISA.  These common questions are sufficient to meet the requirements of Rule 23(a)(2).

### c.    Plaintiffs' Claims are Identical to the Claims of the Class

Rule 23(a)(3)'s typicality requirement focuses on the relationship of facts and issues between the class and its representatives.  *Hanlon*, 150 F.3d at 1020.  "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Id.*  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

6
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

"Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (quoting *Hanlon*, 150 F. 3d at 1020). "In determining whether typicality is met, the focus should be on the defendants' conduct and plaintiff's legal theory, not the injury caused to the plaintiff." *Lozano v. AT&T Wireless Services, Inc.*, 504 F.3d 718, 734 (9th Cir. 2007). Typicality is "satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez,* 591 F.3d 1124 (quoting *Marisol v. Giuliani*, 126 F.3d 372, 376 (2nd Cir. 1997)).

Here, Plaintiffs and all Class Members allege they have been injured by the uniform practices and ERISA violations undertaken by the Defendants, and all assert the same claims and request the same damages arising therefrom. As the Court previously recognized, Plaintiffs' claims are typical of the claims of the Class and satisfy Rule 23(a)(3).

### d.    Plaintiffs and Class Counsel Adequately Represent the Class

Members of a class may sue as representatives on behalf of the class only if they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Neither Plaintiffs nor their counsel have any conflicts of interest with other Class Members. All of the Plaintiffs seek the same relief as the Class. Plaintiffs' counsel has demonstrated the ability to zealously represent the interests of the Class by conducting an extensive investigation into the merits of the action prior to filing the complaint; defending against multiple Rule 12 motions filed by every Defendant named in the matter; by comprehensively evaluating the evidence, claims and weighing the risks, and negotiating a settlement that provides Class Members with some monetary relief and significant non-monetary relief in the form of having their accounts transferred out of LSW and into less restrictive

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55ᵗʰ Street
Emeryville, CA 94608
(510) 337-1001

7

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

retirement accounts.  Moreover, Plaintiffs' counsel has extensive experience in ERISA matters and litigating and settling class action cases.  See ECF 263-1, ¶¶ 30-35.

### 2.    The Rule 23(b)(3) Predominance and Superiority Requirement is Satisfied

Rule 23(b)(3) requires the Court to find that: (1) "the questions of law or fact common to class members predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  These provisions are referred to as the "predominance" and "superiority" requirements. *See Hanlon*, 150 F.3d at 1022–1023.

### a.    Common Issues Predominate

As discussed above, all Class Members are alleged to have been injured by Defendants' uniform practices.  The key question as it applies to all Class Members is whether Defendants' practices violated ERISA.  This common question predominates over any individualized issues, such as the length of time an individual participated in the 4C's plans or how much in damages any particular Class Member suffered as a result of such practices.

### b.    A Class Action is the Superior Method

"[T]o meet the requirement of superiority, a plaintiff must show that a class action is the 'most efficient and effective means of resolving the controversy.'" *Noll v. eBay, Inc*., 309 F.R.D. 593, 604 (N.D. Cal. 2015), citing *Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168, 1175-76 (9th Cir. 2010).  "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Noll*, *supra*.  "From either a judicial or litigant viewpoint, there is no advantage in individual members controlling the prosecution of separate actions.  There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery." *Hanlon*, 150 F.3d at 1023.

Class action settlement is the superior method of resolving the claims of the approximately 377 Class Members/Plan Participants.  Resolution of the issues in a single class action settlement is far more efficient than having the Court address the same issues in multiple cases filed by Plan participants.  A class settlement relieves the Class Members of proving each of the common

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

8

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

issues in separate trials, and eliminates concerns of having to address individualized questions of damages and liability. Further, individual proceedings would be inefficient and unrealistic in terms of costs and potential recovery, particularly where the Defendant bearing a larger share of the liability, the 4Cs Defendants, no longer exists. For these reasons the Class should be certified for settlement purposes.

## B.     CLASS NOTICE WAS REASONABLE AND ADEQUATE

A class certified under Rule 23(b)(3) must be afforded the best notice practicable under the circumstances, which includes individual notice to all members who can be identified through reasonable effort. *Deaver v. Compass Bank*, No. 13-CV-00222-JSC, 2015 WL 4999953, at *10 (N.D. Cal. Aug. 21, 2015). The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3). *Id.,* citing Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Id*., citing *Churchill Village, L.L.C. v. General Elec. Co*., 361 F.3d 566, 575 (9th Cir. 2004) (internal quotations omitted).

The Court previously recognized that the Class Notice satisfied each of the requirements. The Defendants performed a reasonable search of their records and discovered a larger class than represented at the settlement conference and at the preliminary approval stage. Simpluris provided notice to all but one of the 377 class members, a toll free telephone number was available, and a website was established where Class Members could access information regarding the case and the Settlement. Alcantara Dec., ¶ 4. The Class Notice and method of distributing it to the class reasonably and adequately provided notice to the class members.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55ᵗʰ Street
Emeryville, CA 94608
(510) 337-1001

9
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

**C.    THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE AND SHOULD BE FINALLY APPROVED**

The law favors compromise and settlement of class claims.  *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015); *Norris v. Mazzola*, 2017 WL 6493091 at *4 (N.D. Cal. Dec. 19, 2017) ("Judicial policy strongly favors settlement of class actions.")  Courts are to give deference to the parties' decision to settle so long as the settlement, taken as a whole is fair, reasonable and adequate to all concerned.  *Hanlon*, 150 F.3d at 1027.  The inquiry should be whether the settlement is "fair, reasonable, and adequate," considering "the strength of the claims, the risks of litigating those claims all the way through, and the value of the relief each class member will receive from the settlement."  *Cotter*, 193 F.Supp.3d at 1037.  "When determining the value of a settlement, courts consider both the monetary and nonmonetary benefits that the settlement confers."  *Miller v. Ghirardelli Chocolate Co.,* No. 12-CV-04936-LB, 2015 WL 758094, at *5 (N.D. Cal. Feb. 20, 2015).  Other factors relevant to preliminary approval are whether the settlement (1) falls within the range of possible approval; (2) is the product of serious, informed, noncollusive negotiations, (3) has no obvious deficiencies; and (4) does not improperly grant preferential treatment to class representatives or segments of the class.  See *Deaver*, 2015 WL 4999953, at *6; *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1080 (N.D. Cal. 2007).

**1.    There are Substantial Risks Associated with Further Litigation**

A careful risk/benefit analysis must inform counsel's valuation of a class's claims. *Lundell v. Dell, Inc.*, No. C05-3970 JWRS, 2006 WL 3507938, at *3 (N.D. Cal. Dec. 5, 2006) (approving settlement that was "the product of uncertainty and careful risk/benefit analyses on both sides").  As discussed above, that are substantial risks that Plaintiffs would not succeed in obtaining certification, and that they would not overcome Defendants' various defenses to those claims.  The potential (and ultimate) dissolution of 4Cs, the employer establishing the Plan, created a substantial risk that even if Plaintiffs were to prevail on their claims, any recovery that could be had would be minimal.  There is, moreover, a substantial risk that the total amount of damages to the Class would not be large enough to justify the investment of time and resources to pursue this case through trial.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55ᵗʰ Street
Emeryville, CA 94608
(510) 337-1001

2.    **The Settlement Provides Monetary and Non-Monetary Value to Class Members**

Following the risk assessment, the next step in the analysis is the evaluation of the monetary and nonmonetary terms of the settlement agreement. *Miller*, 2015 WL 758094, at *5. As far as the monetary terms are concerned, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982). This is due, in large part, to the potential pitfalls of further litigation. *See In re Omnivision Techs., Inc*., 559 F.Supp.2d 1036, 1042 (N.D. Cal. 2008) ("Plaintiffs here have agreed to accept a smaller certain award rather than seek the full recovery but risk getting nothing."). Thus, the monetary value of the settlement need not meet any particular percentage threshold of the overall potential value of the case. *Id.* Additionally, "finality and speed of recovery" weigh in favor of approval, especially where there is a risk that the Class could receive less by proceeding through litigation. *Deaver v. Compass Bank*, No. 13-CV-00222-JSC, 2015 WL 8526982, at *7 (N.D. Cal. Dec. 11, 2015).

As detailed in Plaintiffs' motion for preliminary approval, based on Plaintiffs' analysis, the monetary portion of the settlement reflects a range between 39.4% and 57% of Defendants' likely exposure, assuming success on all procedural and substantive aspects of the case. A monetary value in this range is well within the range of possible approval. *See In re High-Tech Employee Antitrust Litig*., No. 11-CV-02509-LHK, 2015 WL 5159441, at *4 (N.D. Cal. Sept. 2, 2015) (approving settlement valued at 14% of available damages). And, as discussed above, all net settlement funds will be distributed to Class Members or the agreed-upon *cy pres* recipient; no funds will revert to Defendants. *See, e.g. Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013) (settlement term prohibiting reversion weighed in favor of preliminary approval).

Although it did not occur as part of the settlement process, one of Plaintiffs' objectives in bringing the litigation was to get the accounts out of LSW and into less restrictive accounts that would allow plan participants to access their accounts upon retirement without delay and without

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

11

having to pay any fees to do so.  *See, e.g.,* ECF 176, 10th cause of action seeking reformation of

the 4Cs Plan.  As noted in their motion for preliminary approval, had 4Cs not make the

independent decision to transfer accounts from LSW to Mutual of Omaha before engaging in

settlement discussions, Plaintiffs would have made such a transfer a condition of settlement.

"Incidental or non-monetary benefits conferred by the litigation are a relevant circumstance."

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002); *see also Singer v. Becton*

*Dickinson & Co.*, No. 08-cv-821-IEG (BLM) 2010 WL 2196104 at *5 (S.D. Cal. June 1, 2010)

(non-monetary benefits to class members weighs in favor of granting final approval).

Ultimately, after consideration of the monetary terms of the settlement and assessment of

the substantial risks of further litigation, Plaintiffs' counsel, based on experience in class action

litigation, and with the input of Judge James, determined that the agreement reached is fair and

reasonable and constitutes a positive result for the Settlement Class.  Gray Dec., ¶ 8.  This

settlement falls within the range of possible approval, and the Court final approval of the

settlement should be granted.  *See Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 622 (N.D.Cal.1979)

("The recommendations of plaintiffs' counsel should be given a presumption of

reasonableness.").

### 3.    The Settlement is the Product of Plaintiffs' Investigation and a Full Day Mediation

"[T]he means by which the parties arrived at settlement" is also relevant to determining

whether it is fair and reasonable.  *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL

1627973, at *8 (N.D. Cal. Apr. 29, 2011).  For the parties "to have brokered a fair settlement,

they must have been armed with sufficient information about the case to have been able to

reasonably assess its strengths and value."  *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 396

(C.D. Cal. 2007). Additionally, "the use of a mediator and the presence of discovery 'support the

conclusion that the Plaintiff was appropriately informed in negotiating a settlement.'"  *Deaver*,

2015 WL 4999953, at *7 (citing *Villegas v. J.P. Morgan Chase & Co.*, No. CV 0900261 SBA-

EMC, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012)); *Harris*, 2011 WL 1627973, at *8

(noting that the parties' use of a mediator "further suggests that the parties reached the settlement

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

12
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

1  in a procedurally sound manner and that it was not the result of collusion or bad faith by the

2  parties or counsel"). As detailed in the motion for preliminary approval, after conducting their

3  own investigation and attending a full day's mediation with an experienced retired judge, the

4  parties reached a settlement.

5  **4.     The Settlement has no Obvious Deficiencies**

6     It is also important to consider "whether there are obvious deficiencies in the Settlement

7  Agreement." *Deaver*, 2015 WL 4999953, at *7. Such "obvious deficiencies" may include an

8  overbroad release, insufficient notice, or an inadequate form of payment. *See, e.g., Custom LED*

9  *LLC v. eBay, Inc.,* No. 12-CV-00350-JST, 2013 WL 6114379, at *7 (N.D. Cal. Nov. 20, 2013).

10  Additionally, an attorneys' fee provision may also be preliminarily evaluated as part of this

11  inquiry, subject to final approval. See, e.g., *Bond v. Ferguson Enterprises, Inc*., No. 1:09-CV-

12  01662, 2011 WL 284962, at *7 (E.D. Cal. Jan. 25, 2011).

13     The release contemplated in the Agreement is not overly broad. Class members will

14  release claims related to and arising from the transfer of their vested accounts to LSW and the

15  other ERISA violations alleged in the second amended complaint. While this is arguable a broad

16  release, it does not make the settlement deficient. *See Nen Thio v. Genji, LLC*, 14 F.Supp.3d

17  1324, 1334 (N.D. Cal. 2014) ("while the scope of the release in the proposed settlement is broad,

18  it is acceptable because the claims released are limited to those based upon the facts set forth in

19  the First Amended Complaint."). The parties have constructed a method of distribution of the

20  settlement funds that is equitable under the circumstances, and no unclaimed funds will revert to

21  the Defendants. The class notice provided all required information to Class Members in an easy-

22  to-read, understandable format.

23  **5.     Class Counsel's Experience and Class Member Response Weigh in Favor of
           Final Approval**

24

25     Counsel's judgment that the Settlement is fair and reasonable is entitled to great weight.

26  *See Churchill*, 361 F.2d at 576-577 (taking into account the views of class counsel and

27  defendants' counsel in support of the settlement). "[T]he trial judge, absent fraud, collusion, or

28  the like, should be hesitant to substitute its own judgment for that of counsel." *Nat'l Rural*

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55ᵗʰ Street
Emeryville, CA 94608
(510) 337-1001

13
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

1   *Telecomms Cooperative v. DIRECTV, Inc.*, 221 F.R.D. at 523, 528 (C.D. Cal. 2004) 221 F.R.D.

2   523.  There is generally "an initial presumption of fairness when a proposed class settlement,

3   which was negotiated at arms' length by counsel for the class, is presented for court approval."

4   Newberg on Class Actions, § 11.41.

### 6.   The Settlement Process is Convenient and Efficient

6   Class members received notice and information about the Settlement through the Court-

7   approved notice procedure.  The settlement process was designed so that no claim was required to

8   be submitted by Class Members, but there was an opt-out provision, with no reversion.  There

9   were no requests by Class Members to opt out of the settlement, and no objections submitted,

10  signaling near universal approval by the Class.  The settlement process was fair and efficient.

### 7.   The Requested Attorneys' Fees and Expenses are Reasonable

12  The attorneys' fee provision permits Class Counsel to apply for fees up to $110,125.00

13  and expenses up to $9,645.55.  As discussed in Plaintiffs' Motion for Attorneys' Fees, Costs, and

14  Class Representative Enhancement Payments, ECF 275, the fee request is far below the lodestar,

15  which included only a limited subset of the work performed by counsel in resolving this action.

16  The expenses reflect the reasonable and necessary costs incurred in the action.

### 8.   The Settlement Benefits all Class Members

18  Lastly, it is relevant to assess whether the allocation of the settlement fund may "unfairly

19  benefit certain class members."  *Tijero v. Aaron Bros., Inc.*, No. C 10-01089 SBA, 2013 WL

20  60464, at *10 (N.D. Cal. Jan. 2, 2013).  "[T]o the extent feasible, the plan should provide class

21  members who suffered greater harm and who have stronger claims a larger share of the

22  distributable settlement amount."  *Hendricks v. StarKist Co.*, No. 13-CV-00729-HSG, 2015 WL

23  4498083, at *7 (N.D. Cal. July 23, 2015) (citing cases).  However, "courts recognize that an

24  allocation formula need only have a reasonable, rational basis, particularly if recommended by

25  experienced and competent counsel."  *Id.* (citing *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-

26  00406-DOC, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014)).

27  The proposed plan of distribution was designed with the intent to make whole those Class

28  Members who were required to pay surrender charges in order to access their retirement funds,

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

14

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

with the remaining settlement funds distributed equally among those Class Members who did not pay surrender charges, but were nevertheless subjected to the alleged violations of ERISA.  This is an equitable way of distributing the settlement fund among all Class Members.

The propriety of agreed-upon class representative enhancements is appropriately considered under this factor.  *Deaver*, 2015 WL 4999953, at *8.  As set forth in Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Enhancement Payments, ECF 275, the enhancement requested for each of the Plaintiffs is fair and reasonable given the amount of time each expended in participating in this action.  The requested enhancement payment is also consistent with awards in other cases in California District Courts.  *See, e.g., In re Linkedin User Priv. Litig.,* 309 F.R.D. 573, 592 (N.D. Cal. 2015) ("in this district, a $5,000.00 incentive award s presumptively reasonable"); *Villanueva v. Morpho Detection, Inc.,* No. 13-CV-05390-HSG, 2016 WL 1070523, at *7 (N.D. Cal. Mar. 18, 2016) ("In the Ninth Circuit, a $5,000 incentive award is 'consistent with the amount courts typically award as incentive payments.' *In re Toys-R-Us Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Harris v. Vector Mktg. Corp.*, No. 08-cv-05198-EMC, 2012 WL 381202, at *7 (N.D. Cal. Feb. 6, 2012) ('Several courts in this District have indicated that incentive payments of $10,000 or $25,000 are quite high and/or that, as a general matter, $5,000 is a reasonable amount.')."

## V.    <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request the Court grant this Motion for Final Approval and issue and order:

1.    Granting final approval of the settlement and directing payment to Class Members, payment of the enhancement payments and payment of attorneys' fees and costs;

2.    Certifying the Settlement Class;

3.    Approving Mario Del Castillo, Puthea Chea, Michael Rasche, and Javier Cardoza as Class Representatives; and

4.    Appointing Weinberg, Roger & Rosenfeld as class counsel.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

15
NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF

1
2

Dated:  September 30, 2021

WEINBERG, ROGER & ROSENFELD

A Professional Corporation

3

4

By:  _____
     WILLIAM A. SOKOL
     ROBERTA D. PERKINS
     CAITLIN E. GRAY

5

6

Attorneys for Plaintiffs and the Class

7

8

140933\1209417

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608
(510) 337-1001

16

NOTICE OF MOTION & MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:17-CV-07243-BLF